JOHN J. WHEELER, PLAINTIFF IN ERROR, *v.* ANDREW J. NESBITT, JEROME CARDING, FREDERICK M. BINKLEY, JAMES D. TRIMBLE, WILSON J. MATHIS, AND ROBERT McNEELY.

When the general issue is pleaded to an action on the case for a malicious criminal prosecution, the plaintiff must prove, in the first place, the fact of the prosecution, that the defendant was himself the prosecutor, or instigated the proceeding, and that it finally terminated in favor of the party accused.

He must also prove that the charge against him was unfounded, that it was made without reasonable or probable cause, and that the defendant, in making or instigating it, was actuated by malice

*Wheeler* v. *Nesbitt et al.*

Probable cause is the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted.

Where the court told the jury that the want of probable cause afforded a pre-sumption of malice, but that such presumption might be rebutted by other evidence showing that the party acted *bona fide*, and in the honest discharge of what he believed to be his duty, it was not error in the court to add, in the same connection, that if, however, the jury find that the arrest was wanton and reckless, and that no circumstances existed to induce a reasonable and dispassionate man to believe that he was guilty of the charge preferred against him, then the jury ought to infer malice, except, perhaps, the closing para-graph is put rather strongly in favor of the plaintiff.

Whether the prosecution was or was not commenced from malicious motives, was a question of fact, and it was for the jury to determine whether the in-ference of malice was a reasonable one from the facts assumed in the instruc-tion; but the error, if it be one, forms no ground of exception by the plaintiff, because it was in his favor.

As the magistrate who issued the warrant was one of the parties sued in this case, it was proper for the court below to instruct the jury that if there was probable cause for the arrest of the party, he could lawfully be detained for a reasonable time, owing to the neglect on his part to offer any satisfactory security for his appearance at the time appointed for examination.

THIS case was brought up by writ of error from the Circuit Court of the United States for the middle district of Tennessee.

In September, 1856, John J. Wheeler arrived at the small town of Charlotte, in Tennessee, about eight o'clock at night, in company with two Irishmen, the whole three being indiffer-ently clad. Wheeler had four fine horses; each of the Irish-men was riding one of the horses, with a sack and blanket to sit upon instead of a saddle. The defendants in error (except Trimble) arrested the whole three, on suspicion of having stolen the horses, and carried them before Trimble, who was a justice of the peace, and who sent them to jail for a week. At the end of that time they procured satisfactory evidence of character, and were discharged. Wheeler then brought an action on the case for a malicious criminal prosecution. The rulings of the court below are given in the opinion of this court.

It was submitted on printed argument by *Mr. Underwood* for the plaintiff in error, and argued by *Mr. Phillips* for the de fendants.

Mr. Justice CLIFFORD delivered the opinion of the court.

This is a writ of error to the Circuit Court of the United States for the middle district of Tennessee. John J. Wheeler, the plaintiff in error, complained in the court below against the present defendants in a plea of trespass on the case, as will more fully appear by reference to the declaration which is set forth at large in the transcript. It alleged three distinct causes of action, and each cause of action was set forth in two separate counts. All of the counts, however, were founded upon the same transaction, so that a brief reference to the first, third, and fifth of the series will be sufficient to exhibit the substance of the declaration, and the nature of the supposed grievances for which the suit was instituted. First, the plaintiff alleged that the defendants, falsely and maliciously contriving and intending to injure him in his good name and reputation, on the eighteenth day of September, 1856, at a certain place within the jurisdiction of the court below, went before a certain justice of the peace for that county, and falsely and maliciously, and without any reasonable or probable cause, charged the plaintiff with having feloniously stolen four horses, which he then and there had in his possession, and caused and procured the magistrate to grant a warrant, under his hand and seal, for the apprehension of the plaintiff, upon that false, malicious, and groundless charge; and that he, the plaintiff, was accordingly arrested by virtue of the warrant so procured, and falsely and maliciously, and without any reasonable or probable cause, imprisoned in the prison-house of the State there situate for the space of seven days; and that at the expiration of that period he was fully acquitted and discharged of the supposed offence, and that the prosecution for the same was wholly ended and determined. Secondly, the plaintiff alleged that the defendants, on the same day and at the same place, with force and arms assaulted him, the plaintiff, and forced and compelled him to go to the prison-house of the State there

situate, and then and there falsely and maliciously,. and without. any reasonable or probable cause, imprisoned him for the space of seven days, contrary to the laws. and customs of the State. Thirdly, the plaintiff alleged that the defendants, on the same day and at the same place, did unlawfully and falsely conspire, combine, and agree among themselves and with others, that the first-named defendant, with a view to procure a warrant for the arrest and imprisonment of the plaintiff, should go before a certain magistrate of the county, and make oath, according to law, that he, the complainant, verily believed that the plaintiff, with two other persons, had committed the aforesaid offence, and that the other defendants in this suit should attend the preliminary examination of the plaintiff before the magistrate, and then and there aid, abet, and assist the complainant, by their testimony, influence, and advice, in prosecuting the charge; and the plaintiff averred that the defendants so far carried their corrupt and evil conspiracy and agreement into effect, that they procured the warrant from the magistrate by the means contemplated, and that he, the plaintiff, was then and there arrested by virtue of the same, and imprisoned upon that false, malicious, and groundless accusation for the space of seven days, and that at the expiration of that period he was fully acquitted and discharged of the supposed offence. Such is the substance of the declaration, so far as it is deemed material to reproduce it at the present time. Testimony was introduced by the plaintiff tending to show that he was the lawful owner of the four horses described in the warrant on which he was arrested; and he also proved, without objection, that he had always sustained a good character in the neighborhood where he resided. He also introduced a duly-certified copy of the complaint made against him by the first-named defendant, and a duly-certified copy of the warrant issued by the magistrate. Those copies show that the complainant, on the eighteenth day of August, 1856, made the accusation under oath, as required by the law of the State, and that the magistrate thereupon granted the warrant for the apprehension of the plaintiff, together with two other persons, who were jointly accused with him of the same offence. Both

the complaint and warrant were in regular form, and the latter contained the usual directions, that the persons accused should forthwith be brought before the magistrate who issued it, or some other justice of the peace for the county, to answer to the charge, and be dealt with as the law directed. Whether the officer made any formal return on the precept or not does not appear; but it is stated in the bill of exceptions that the warrant was placed in the hands of the sheriff, and that the persons accused of the offence, including the plaintiff, were on the same day brought before the magistrate for trial. When brought into court they were not prepared for the examination, and at their request the trial was postponed for twelve days, or until they should have sufficient time to procure the attendance of certain witnesses, whose testimony was necessary, as they represented, to establish their defence; and the minutes of the proceedings before the magistrate state, in effect, that the accused, "not being able to give any security for their appearance" at the time appointed for the trial, "or not offering to give any, the sheriff was directed to hold them in custody to answer to the charge." Pursuant to that order the plaintiff, as well as the other persons accused, remained in the custody of the sheriff, and were kept by him in the prison-house of the State there situate until the witnesses of the plaintiff appeared; and on the twenty-fifth day of September, 1856, they were again brought before the magistrate, and after the witnesses on both sides were examined, all of the accused were fully acquitted and discharged of the alleged offence. To show that the prosecution was groundless, and without any reasonable or probable cause, the plaintiff examined several witnesses to prove the circumstances under which he was arrested, and the substance of the evidence adduced against him at the trial before the magistrate. One of the defendants is the magistrate who granted the warrant, and the other defendants were witnesses for the State in the criminal prosecution. All of the defendants were citizens of the State of Tennessee, and the plaintiff was a citizen of the State of Kentucky, and it did not appear that the parties had any acquaintance with each other prior to this transaction. No attempt was made

on the part of the plaintiff to prove express malice, and there was no direct evidence of any kind to support the allegation of conspiracy. On the other hand, the defendants insisted that there was no evidence to support the charge of conspiracy or of false imprisonment, and that the prosecution was instituted in good faith, and conducted throughout upon reasonable and probable cause; and to establish that defence they called and examined several witnesses to prove what the evidence was which was given against the plaintiff at the trial before the magistrate. Without entering into particulars, it will be sufficient to say that the evidence adduced by the defendants had some tendency to maintain the defence. Under the rulings and instructions of the court the jury returned their verdict in favor of the defendants, and the plaintiff excepted to the charge of the court. Unaided by the assignment of errors, it would be difficult to ascertain, with any degree of certainty, to what particular part of the charge of the court the exceptions were intended to apply. But that difficulty is so far obviated by the specifications contained in the printed argument filed for the plaintiff, that with some hesitation we have concluded that the case, as presented in the transcript, is one which may be re-examined in this court.

1. Among other things, the presiding justice instructed the jury that in order to excuse the defendants on the first two counts in the declaration, it must appear that they had probable cause for the prosecution of the plaintiff for the offence described in the complaint and warrant, or that they acted *bona fide* without malice. Objection is made by the counsel of the plaintiff to this part of the charge of the court; but we think it was quite as favorable to him as the well-settled rules of law upon the subject would possibly allow. To support an action for a malicious criminal prosecution the plaintiff must prove, in the first place, the fact of prosecution, and that the defendant was himself the prosecutor, or that he instigated its commencement, and that it finally terminated in his acquittal. He must also prove that the charge preferred against him was unfounded, and that it was made without reasonable or probable cause, and that the defendant in making or instigating it

was actuated by malice. Proof of these several facts is indispensable to support the declaration, and clearly the burden of proof in the first instance is upon the plaintiff to make out his case, and if he fails to do so in any one of these particulars, the defendant has no occasion to offer any evidence in his defence. Undoubtedly, every person who puts the criminal law in force maliciously, and without any reasonable or probable cause, commits a wrongful act; and if the accused is thereby prejudiced, either in his person or property, the injury and loss so sustained constitute the proper foundation of an action to recover compensation. Malice alone, however, is not sufficient to sustain the action, because a person actuated by the plainest malice may nevertheless prefer a well-founded accusation, and have a justifiable reason for the prosecution of the charge. Want of reasonable and probable cause is as much an element in the action for a malicious criminal prosecution as the evil motive which prompted the prosecutor to make the accusation; and though the averment is a negative one in its form and character, it is nevertheless a material element of the action, and must be proved by the plaintiff by some affirmative evidence, unless the defendant dispenses with such proof by pleading singly the truth of the several facts involved in the charge. Morris *v.* Corson, 7 Cow., 281. Either of these allegations may be proved by circumstances, and it is unquestionably true that want of probable cause is evidence of malice, but it is not the same thing; and unless it is shown that both concurred in the prosecution, or that the one was combined with the other in making or instigating the charge, the plaintiff is not entitled to recover in an action of this description. Add. on W. and R. Accordingly, it was held in Foshay *v.* Ferguson, 4 Den., 619, that even proof of express malice was not enough without showing also the want of probable cause; and the court go on to say, that however innocent the plaintiff may have been of the crime laid to his charge, it is enough for the defendant to show that he had reasonable grounds for believing him guilty at the time the charge was made. Similar views were also expressed in Stone *v.* Crocker, 24 Pick., 83. There are two things, say the court in that case,

*Wheeler* v. *Nesbitt et al.*

which are not only indispensable to the support of the action, but lie at the foundation of it.   The plaintiff must show that the defendant acted from *malicious motives* in prosecuting him, and that he had *no sufficient reason* to believe him to be guilty. If either of these be wanting, the action must fail; and so are all the authorities from a very early period to the present time Golding *v.* Crowle, Sayer, 1; Farmer *v* Darling, 4 Burr, 1,974 1 Hillard on T., 460.

.It is true, as before remarked, that want of probable cause is evidence of malice for the consideration of the jury; but the converse of the proposition cannot be sustained.  Nothing will meet the exigencies of the case, so far as respects the allegation that probable cause was wanting, except proof of the fact; and the *onus. probandi*, as was well remarked in the case last referred to, is upon the plaintiff to prove affirmatively, by circumstances or otherwise, as he may be able, that the defendant had no reasonable ground for commencing the prosecution.  Purcell *v.* McNamara, 9 East., 361; Willans *v.* Taylor, 6 Bing., 184; Johnstone *v.* Sutton, 1 Term, 544; Add. on W. and R., 435; Turner *v.* Ambler, 10 Q. B., 257.

Applying these principles to the present case, it necessarily follows that so much of the charge of the court as is now under consideration furnishes no just ground of complaint on the part of the plaintiff.  On the contrary, it is quite obvious that unless it was accompanied by prior explanations, not stated in the bill of exceptions, it was even more favorable to the plaintiff than he had a right to expect.  He was bound to make out his case; and if it did not appear that the prosecution had been commenced with malicious motives, and without reasonable and probable cause, then the plaintiff was not entitled to a verdict.  Mitchel *v.* Jenkins, 5 Barn. and Adol., 594.

2. With these remarks as to the first ground of complaint, we will proceed to the examination of the second, which is also based upon a detached portion of the charge of the court. After stating the alternative proposition already recited, the presiding justice proceeded to define the term, probable cause. He substantially told the jury that probable cause was the

existence of such facts and circumstances as would excite the belief, in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted.

Having thus defined the meaning of the term probable cause, he then proceeded to say that the want of probable cause afforded a presumption of malice, but that such presumption might be rebutted by other evidence, showing that the party acted *bona fide*, and in the honest discharge of what he believed to be his duty; and then gave the instruction to which the second objection applies. It is as follows: "If, however, the jury find that the arrest was wanton and reckless, and that no circumstances existed to induce a reasonable, dispassionate man to believe that the defendant was guilty of having stolen the horses he had in his possession, then the jury ought to infer malice." Clearly, this part of the charge must be taken in connection with what preceded it, and when so read and understood, it is impossible to hold that it is incorrect, except, perhaps, the closing paragraph is put rather strongly in favor of the plaintiff. Whether the prosecution was or was not commenced from malicious motives, was a question of fact, and it was for the jury to determine whether the inference of malice was a reasonable one from the facts assumed in the instruction. Be that as it may, it is quite certain that it furnishes no ground of exception to the plaintiff, and in all other respects we hold the instruction to be correct.

3. One other objection only remains to be considered. After stating the fact that the magistrate who issued the warrant was sued as a joint defendant, the presiding justice told the jury that the warrant, as given in evidence, was in due form, and that the presumption was, from the statements found therein, that there was sufficient evidence before the magistrate to authorize him to issue it; and then follows that portion of the instructions to which the third objection applies. He then told the jury that if there was probable cause for the arrest of the defendant, he could be lawfully detained a reasonable time till the warrant was issued and executed. It is insisted by the plaintiff that this instruction was both abstract

and misleading. But that theory is wholly without support from anything that appears in the record, and, in point of fact, is directly contradicted by what does appear. To sustain that remark it is only necessary to refer to the declaration, where it is alleged that the plaintiff was detained in prison for the space of seven days, and the minutes of the proceedings before the magistrate show that he was so detained as the necessary consequence of his own request for delay, and the neglect on his part to offer any satisfactory security for his appearance at the time appointed for the examination. Those minutes were introduced by the plaintiff; and in the absence of any proof to the contrary, it must be assumed that they speak the truth. In view of the whole case, we think the charge of the court to the jury was correct, and that there was no error in the record. The judgment of the Circuit Court is therefore affirmed, with costs.