DAVIS v. JOHNSON et al.

(Circuit Court of Appeals, Fourth Circuit. May 1, 1900.)

No. 353.

1. FALSE IMPRISONMENT—ELEMENTS OF OFFENSE—PLEADING.

A count in a declaration alleging the issuance of a warrant by one defendant at the instance of another; the execution of such warrant by a third defendant, by the arrest and detention of plaintiff thereon; that such acts were done without authority of law, maliciously, and without reasonable or probable cause, and for the purpose of coercing plaintiff's action in a civil suit; but containing no allegation as to the termination of the prosecution,—states a good cause of action for false imprisonment, although not for malicious prosecution.

**2. SAME--CHARGE OF CONSPIRACY.**

In an action on the case against several defendants for false imprisonment, though conspiracy is charged, it is not the gist of the action, but matter of aggravation only, not essential to recovery, and, if the evidence establishes a case of false arrest and imprisonment against the defendants or either of them, the plaintiff is entitled to recover against those shown to be guilty.

In Error to the Circuit Court of the United States for the District of West Virginia.

This is a writ of error to the judgment of the circuit court of the United States for the district of West Virginia, at Charleston. The action is trespass on the case by the plaintiff in error to recover of the defendants in error damages growing out of the following occurrences: The plaintiff in error hired a horse from the defendant in error Ellis, a liveryman, at Ft. Spring, W. Va., to ride horseback to Lewisburg, and in that vicinity, at an agreed price of $1 per day, with an understanding that Davis might purchase the horse at the price of $100, if it suited him, and, in the event of purchase, he was not to be charged for the hire of the horse during the trip; and Davis obligated himself, at least impliedly, to take good care of the animal, and return it to the owner at the expiration of the term of hiring. During the trip the horse's back became sore to such an extent that Davis would not use it; and he hired a conveyance, and drove a portion of the way, leading the disabled animal. The horse was returned on Saturday, the 6th of July, 1895, the trip having taken six days, and was left at Ft. Spring with a brother of Ellis, who was informed that the plaintiff in error had to catch a train hurriedly to Alderson, his headquarters, and that he would return that evening going to Ronceverte, and that if Ellis would be at the depot the amount of the hire would be handed him. That evening before Davis left Alderson, and as he was dressing to catch the train on his return trip to Ronceverte, Ellis, the defendant in error, appeared at Alderson, and called to see him in reference to the horse, and demanded that Davis take the horse under the conditional agreement for sale hereinbefore referred to, because, as he claimed, the horse had been seriously injured, and was not returned to him in good condition, as contemplated in the contract of hire. He refused to accept anything on account of hire, and insisted on Davis paying for the animal, which the latter refused to do, as the horse did not suit him, as he claimed; and he, moreover, insisted that he had taken the best care of the horse possible, and that the sore back was caused by the excessively hot weather, and the fact that the horse had been fed on grass, was extra fat, and unaccustomed to saddle use. Being unable to come to an agreement, Ellis and Davis separated, and the latter left on the train for Ronceverte. That night, between 10 and 11 o'clock, Ellis and the defendant in error Chew appeared at Ronceverte with a civil warrant issued by the defendant in error Johnson, and executed the same on the plaintiff in error, requiring him to appear before said Johnson at Ft. Spring, on the 11th day of July, 1895, to answer the complaint of the defendant in error Ellis for the sum of $100, for the recovery of money due by account; and said Chew demanded that Davis acknowledge service of the summons, which upon his failure and refusal to do he was arrested, and for a while held in custody; and after protesting against Chew's authority to make an arrest on a mere civil warrant, and refusing to submit to his authority, Chew presented another warrant, being a criminal warrant, charging Davis with cruelty to animals, sworn out by Ellis before the defendant in error Johnson, and plaintiff in error was taken in custody under this warrant, the defendant in error Ellis and one Vawter, called on by constable Chew, assisting in taking physical hold of Davis, according to Davis' statement, which was corroborated by others. Chew insisted that, by order of Johnson, he was to be arrested and brought before him at Ft. Spring, unless service of the civil process was acknowledged. After being held in custody under these circumstances, and counseling with friends, and when about to be taken by Chew and Ellis in a buggy to Ft. Spring, the point was made that a justice at Ronceverte could take the bail; and while Davis was being carried under arrest, about 1 o'clock Sunday morning, to the residence of a justice of the peace at Ronceverte, he consented to acknowledge

service of the civil warrant, to avoid further annoyance, and to secure release from arrest. This being done, he was discharged, and returned to his hotel. Two days later, while at Lewisburg, he was again arrested by Chew under the warrant charging cruelty to animals, and, after being held in custody some time, was taken before a justice of the peace, and allowed to give bail for his appearance before Justice Johnson at Ft. Spring. Upon a hearing before the justice, judgment was given for the plaintiff for $100 and costs in the civil case, and the criminal warrant was dismissed, the defendant agreeing to pay the costs, but under protest, as he insists. The declaration contains three counts, to the first two of which a demurrer was sustained, and upon trial of the case under the third count the court instructed the jury to return a verdict for the defendants, being of the opinion that under that count it was necessary, in order for the plaintiff to recover, that he should prove a conspiracy, which he had failed to do.

John H. Holt and C. C. Watts, for plaintiff in error.

John Osborne, for defendants in error.

Before GOFF and SIMONTON, Circuit Judges, and WADDILL, District Judge.

WADDILL, District Judge, after stating the facts as above, delivered the opinion of the court.

The assignments of error present for the consideration of the court quite a number of questions, but those specially relied upon involve the correctness of the court's ruling on the demurrer to the declaration, and in instructing a verdict for the defendants as aforesaid. The difficulty in argument between counsel as to the propriety of the court's ruling on the demurrer arises from their inability to agree as to whether the first two counts in the declaration are for false imprisonment or malicious prosecution. If the two counts are for malicious prosecution, the court's ruling is manifestly correct. Malice and the want of probable cause must be averred and proved in an action for malicious prosecution, the fact that the defendants procured or instigated the prosecution, and that the same has ended and resulted favorably to the plaintiff. Wheeler v. Nesbitt, 24 How. 544, 16 L. Ed. 765; Stewart v. Sonneborn, 98 U. S. 195, 25 L. Ed. 116; Staunton v. Goshorn, 36 C. C. A. 75, 94 Fed. 52.

In the counts in question no averment whatever is made as to the ending of the prosecution, which of itself makes them entirely insufficient as counts in an action for malicious prosecution. But we do not conceive the counts to be for that cause of action. They are for false imprisonment, as distinguished from malicious prosecution; and while it is true the issuance of the warrants, under which the arrests of the plaintiff in error were made, are set forth with some detail, it is by way of inducement merely, and not intended to be the gravamen of the action. It was for the subsequent arrest and imprisonment, by virtue of the warrants, that the suit was instituted to recover damages; and as counts in a declaration for false imprisonment they are good, and contain the essential averments necessary to a good declaration in this cause of action. The first count, after setting forth the issuance of a certain order of arrest against the plaintiff in error by the defendant in error Johnson, at the instance of his co-defendant J. P. Ellis, and the execution thereof by the defendant in error John F. Chew, and the arrest and

detention of the plaintiff in error by said Chew, avers that said acts were done maliciously, and without authority of law, and for the purpose of harassing, oppressing, and imprisoning said plaintiff in error, and without any reasonable or probable cause, for the purpose of forcing him to accept service of a summons in a certain civil suit instituted by said Ellis against the plaintiff in error. The second count sets forth the same cause of action, except that the arrest and detention of the plaintiff in error was by virtue of a certain civil warrant issued and executed by the same parties under the circumstances above set forth. The third count is for the same cause of action, describing it in another way, and setting forth the issuance of the summons in the civil suit, and the swearing out of a warrant for cruelty to animals; and in this count the defendants in error are, one and all, charged to be conspirators, and that what they did was the result of a conspiracy to force the plaintiff in error to pay a debt to the defendant in error Ellis. In this latter count the same averments as to the want of probable cause, the existence of malice, the want of authority on the part of the defendants, and each of them, are likewise made, and the fact that by virtue of said summons and order of arrest the plaintiff in error was taken in custody, and detained and held without lawful authority for a long space of time. Newell, Mal. Pros. p. 360; Parsons v. Harper, 16 Grat. 64; Scott v. Shelor, 28 Grat. 891; Womack v. Circle, 29 Grat. 192; Vinal v. Core, 18 W. Va. 6, 7; Josselyn v. McAllister, 22 Mich. 300, 307; Raysdale v. Bowles, 16 Ala. 62; Rich v. McInerny, 103 Ala. 345, 15 South. 663; 12 Am. & Eng. Enc. Law (2d Ed.) 28, note 1, and 731, end of note 6.

In the trial court, the demurrer to the first and second counts of the declaration having been sustained, the case was tried solely upon the third count; and under that count the lower court held that, in order to maintain the prosecution, it was necessary to prove a conspiracy, thereby, in effect, treating the count as one in an action for conspiracy, as distinguished from one for false arrest and imprisonment; the learned judge charging the jury as follows:

"I have no hesitancy in saying that both Ellis and the constable behaved very badly, and if they had been sued before this court for having illegally restrained a citizen of his liberty by false imprisonment, and the fact had been properly established, they would have heard of it in a way they would never have forgotten. This is not the case. This case is a charge of conspiracy,—of a conspiracy to collect this debt,—and there is no evidence of the conspiracy here."

We think the lower court erred in this ruling. The third count is not for a writ of conspiracy, but a count in an action on the case for false imprisonment, and under it, if the evidence established a case of false arrest and imprisonment against the defendants in error or either of them, the plaintiff in error would be entitled to recover. 4 Minor, Inst. pt. 1, p. 401. In the writ of conspiracy recovery can only be had against all of the defendants, or certainly two of them; and, if the evidence showed two of them to be not guilty, no recovery could be had against the third, it mattered not how guilty he may have been. Prof. Minor says that the writ of conspiracy, though

existing theoretically, has for several generations been superseded in practice by the more convenient remedy of the action of trespass on the case. The leading English case on this subject is that of Skinner v. Gunton, 1 Saund. 228. In 1 Bac. Abr. p. 139, discussing actions on the case for conspiracy, the following language is used:

"If an action be brought against several, and one only be found guilty, it is sufficient; for there is a great difference between the action on the case in the nature of a conspiracy and the writ of conspiracy at common law, and in this case the damage sustained is the ground of action."

In 4 Enc. Pl. & Prac. p. 738:

"An action on the case has, in modern times, taken the place of the writ of conspiracy which lay at common law. * * * In the action on the case in the nature of a conspiracy, the conspiration or conspiracy is not the gist of the action; for the allegation of the conspiracy is mere surplusage, intended as matter of aggravation, and is therefore not necessary to support the action which is founded upon damages alone [citing many authorities, both English and American]."

In Van Horn v. Van Horn (N. J. Sup.) 20 Atl. 485, 10 L. R. A. 184, Scudder, J., delivering the opinion of the court, says:

"The distinction is now well established that in civil actions the conspiracy is not the gravamen of the charge, but may be both pleaded and proved as aggravating the wrong of which the plaintiff complains, and enabling him to recover against all as joint tort feasors. If he fails in the proof of a conspiracy or concerted design, he may still recover damages against such as are shown to be guilty of the tort without such agreement [citing Pol. Torts, 267; Garing v. Fraser, 76 Me. 37; Hutchins v. Hutchins, 7 Hill, 104; Jones v. Baker, 7 Cow. 445; Parker v. Huntington, 2 Gray, 124; and many other cases]."

For these reasons the judgment of the lower court is reversed, at the cost of the defendants in error, and the case remanded to said court, with instructions to grant a new trial therein.