## McGUIRK v. O'HALLORAN et al.

(Circuit Court, D. Massachusetts. January 23, 1907.)

No. 182.

**1. MALICIOUS PROSECUTION—ACTION—ELEMENTS.**

In order to establish a cause of action for malicious prosecution, plaintiff must allege and prove that the prosecution was without probable cause, and also that it ended in plaintiff's favor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Malicious Prosecution, §§ 18, 21, 70, 72.]

**2. SAME—ACQUITTAL.**

Defendant's want of probable cause in an action for malicious prosecution does not excuse plaintiff from showing that his prosecution ended in his acquittal or its equivalent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Malicious Prosecution, §§ 72, 116.]

Jesse C. Ivy, for plaintiff.
Winfield S. Slocum, for defendants.

LOWELL, Circuit Judge. The plaintiff's declaration is in two counts. The first alleges false imprisonment; the second malicious

prosecution. The defendant demurred to both counts, but at the argument he did not press his demurrer to the first. The second alleges malicious prosecution in the common form, except that it substitutes for the usual allegation of the plaintiff's acquittal the following:

"At said police court the plaintiff was, solely through and by means of perjury and subornation of perjury by said defendant, convicted of the crime of keeping and maintaining a common, noisy, ill-governed, and disorderly house, and ordered by said court to pay a fine of forty dollars, which fine she thereupon paid."

To establish malicious prosecution the plaintiff must allege and prove, among other things, both (1) that the prosecution was without probable cause, and (2) that it ended in favor of the plaintiff. These are separate requirements, not to be confounded with each other. The defendant may prove probable cause by showing a conviction of the plaintiff in a lower court, although this conviction has been subsequently reversed, and the plaintiff has been acquitted. But the presumption of probable cause arising from the plaintiff's conviction in a lower court may be overcome by evidence that this conviction, as alleged in the case at bar, was procured solely by the defendant's perjury.

The defendant's want of probable cause, however shown, does not excuse the plaintiff from proving that his prosecution ended in his acquittal, or in its equivalent. This requirement has no exception material to consider here. Hence, the second count of the declaration, which alleges final judgment against the defendant, is fatally defective (Pollock on Torts [Webb's Am. Ed.] 392, 394), and for a recent illustration, Davis v. Johnson, 101 Fed. 952, 955, 42 C. C. A. 111.

Demurrer to the first count overruled. Demurrer to the second count sustained.