# MARK v. RICH.*

---

MALICIOUS PROSECUTION; QUESTIONS OF LAW OR FACT; EVIDENCE; PROBABLE
CAUSE.

1. Whether the facts existed which are relied upon by the plaintiff in an
    action for malicious prosecution as constituting want of probable
    cause for the prosecution is a question for the jury, but what will
    amount to the want of probable cause in a given case is a question
    of law for the court; and it is error for the trial court to refuse to
    instruct the jury what facts will constitute probable cause.   (Citing
    *Spitzer* v. *Friedlander*, 14 App. D. C. 556; and *Brown* v. *Selfridge*, 34
    App. D. C. 242, s. c. 224 U. S. 189.)

2. In an action for malicious prosecution, in which the defendant claims he
    had probable cause for the prosecution, the jury should be instructed
    hypothetically as to what constitutes probable cause or want of prob-
    able cause, leaving them to find the facts embraced in the hypothesis.

3. Probable cause for a criminal prosecution lies in the existence of such
    facts and circumstances as would reasonably excite the belief in the
    mind of an ordinarily cautious man acting on the facts and circum-
    stances within the knowledge of the prosecutor at the time, that the

---

* *Malicious Prosecution—Advice of Counsel.*—For authorities passing up-
on advice of counsel as defense to action for malicious prosecution, see
notes in 18 L.R.A. (N.S.) 49, and 39 L.R.A. (N.S.) 207.

accused was guilty of the crime charged; and if there be probable cause, the motive which may have actuated the prosecutor in commencing and carrying on the prosecution is not material.   (Citing *Staples* v. *Johnson*, 25 App. D. C. 160.)

4. Probable cause for a prosecution may be said to have existed in a given case if all the facts were made known at the time to the prosecuting attorney, and upon them he advised the prosecution.

No. 2731.   Submitted January 8, 1915.   Decided February 1, 1915.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for a malicious prosecution.

*Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment for $4,250, rendered on a verdict returned for the plaintiff, Percy R. Rich, in an action for malicious prosecution.

The testimony on behalf of plaintiff, Rich, tended to show that he had a written agreement with defendant, Le Roy Mark, respecting the publication of a book known as an Automobile Register.   Plaintiff was to contract for printing and to pay all the expenses of production of the said book, to print not less than 7,500 copies thereof, and to pay postage on not less than 6,000 copies, the said book to contain advertisements and to be issued prior to March 1, 1912.   It was part of the contract with each advertiser in the said book that payment for his advertisement was to be made only upon and after the distribution of the book, and that no advertiser was to pay before the book was distributed.   A number of persons, including a certain partnership known as the Empire Auto Top Company, consisting of one Hooven and one Miller, advertised in the book, and the plaintiff collected from the persons so advertising amounts aggregating $490, including $12 collected from the said Hooven on account of the said Empire Auto Top Company on April 6, 1912, at which time the book had not been distributed, which collection was the last made by plaintiff.

On April 27, 1912, the said Miller, member of the said partnership, made oath in the police court of the District of Columbia that plaintiff, when collecting the said sum of $12, had represented that the book had been distributed, and upon the strength of such representation procured the sum of $12 to be paid. On this affidavit a warrant was issued, and plaintiff was apprehended thereunder, and detained in a police cell five or six hours, when he was released on bond.

Prior to the making of the said affidavit, defendant, who had been informed of the circumstances and inquired of by the said partnership in relation thereto, consulted an assistant United States attorney for the District of Columbia, and was by the latter advised that, if plaintiff had collected the sum of $12 upon the representation aforesaid, and the representation was false, plaintiff was guilty of obtaining money under false pretenses. Subsequently, and after further conference with the partnership, defendant accompanied Miller to the office of the United States attorney, and, after an interview in which the three participated, and in which the attorney examined Miller as to the facts in the case, the said attorney authorized the issue of the warrant, which was issued upon the affidavit aforesaid, which affidavit was prepared by a clerk of the police court, after personal inquiry by him of Miller, from whose statements the clerk wrote the affidavit. This was on the day of the date of the affidavit, namely, April 27, 1912.

On April 17, 1912, plaintiff wrote defendant a letter stating that he, plaintiff, was called out of town for a couple of weeks unexpectedly, and that in reference to postage on the books at that time it was entirely out of the question, concluding the letter as follows: "Consider the Auto Register incident closed between us." On the said day plaintiff went to Maine. On April 22, 1912, defendant wrote plaintiff in Maine a letter stating that plaintiff had agreed with the advertisers to distribute 6,000 of the books by mail; that plaintiff had not done this, though he had collected the bills with that understanding, which was obtaining money under false pretenses; that the matter had been referred to the United States attorney here, and a warrant

would be issued for the plaintiff's arrest at any time on request, and that unless $100 were received from plaintiff by April 24, steps would be taken to prosecute plaintiff to the fullest extent of the law. Defendant sent a copy of his letter to plaintiff's mother by the same mail. Upon receipt of defendant's letter plaintiff returned to Washington, and was arrested. Plaintiff went to court on the warrant April 29, 1912, and the case was continued by the assistant United States attorney until May 3, 1912, in order to allow plaintiff to straighten the matter out with the advertisers in the book, and on the latter date the assistant United States attorney, having been informed that the matter had been adjusted and there was no further desire to press it, entered a *nolle prosequi* of the case.

There was also testimony tending to show that, when collecting the said sum of $12 from Hooven, plaintiff represented that the Register had been distributed, and testimony to the contrary was also given.

Testimony that defendant instigated the arrest and prosecution of plaintiff, and that, in addition to making the affidavit, Miller had theretofore told defendant that, at the time of collecting the sum of $12, plaintiff had said the book had been distributed, was also given.

At the close of the testimony the defendant requested the court to grant the following instruction to the jury, which was granted: "You are instructed that in order to recover in this action the burden is upon the plaintiff to establish, by a preponderance of the evidence, each and all of the following allegations of the declaration; namely, first, that the defendant induced and procured the certain Miller, named in the declaration, to make the complaint and obtain the warrant against the plaintiff in the declaration mentioned; second, that the said complaint was false; third, that it was made maliciously; fourth, that it was without any reasonable or probable cause; and if the plaintiff fails to establish any one of the said allegations your verdict must be for the defendant."

The defendant accompanied this with the following instruction, which the court refused: "You are instructed that, even

though you should find from the testimony that the defendant procured the said Miller to make the complaint and obtain the warrant aforesaid against the plaintiff, and did so maliciously, you may yet not find for the plaintiff unless you also further find that the said complaint was caused to be made, and the said warrant to be obtained, without reasonable or probable cause therefor; and you are further instructed that by reasonable and probable cause is not meant the existence of facts sufficient in themselves to secure the conviction of the charge against the plaintiff, as set forth in the said complaint and warrant, but only a reasonable or well-grounded suspicion of the guilt of the plaintiff, based on circumstances sufficient to justify a reasonable belief therefor in the mind of an ordinarily cautious and prudent man. Accordingly, if you find from the evidence that the plaintiff and the defendant were engaged in the enterprise of issuing the certain Automobile Register described in the testimony; that as an incident to said enterprise advertisements were procured to be inserted in the said Register, upon the condition that the same were to be paid for by the respective advertisers only when and after the said Register should have been distributed in accordance with the understanding and agreement between the plaintiff and the defendant, as shown by the testimony; that on the 6th day of April, 1912, the said Register had not been so distributed; that the certain Hooven mentioned in the said complaint and warrant against the plaintiff, or the company with which he was connected, was one of the advertisers in the said Register, and on the said 6th day of April, 1912, the plaintiff collected from the said Hooven, or the said company, the sum of $12, for and on account of the advertisement of the said company in the said Register; and upon the representation that the same had been distributed; that on the 17th day of April, 1912, the plaintiff wrote to the defendant that he, the plaintiff, was then going out of town, and for him, the defendant, to consider the matter of the said Register between them closed, and that the plaintiff did so leave town; that at the time of the making of the said complaint and obtaining the said warrant against the plaintiff by the said

Miller the defendant knew the foregoing facts as recited, and that, at the time the said complaint was made and the said warrant applied for, the defendant, either alone or in conjunction with the said Miller, stated to an assistant United States attorney for the District of Columbia the aforesaid facts as to the enterprise of the said Register, and the procurement of advertisements to be inserted therein upon the condition aforesaid; that on the said 6th day of April 1912, the said Register had not been so distributed; and that on that day the plaintiff had collected from the said Hooven, or the said company, the sum of $12 as aforesaid, and upon the representation aforesaid; and that, upon such statement to him, the said assistant United States attorney advised that the said warrant might properly be applied for and issued; you are instructed that the defendant then had reasonable and probable cause to believe the plaintiff guilty, as in the said complaint and warrant alleged, and your verdict must be for the defendant."

The court refused to grant the instruction, stating that it was the province of the jury to inquire and determine from all the testimony whether there was any reasonable or probable cause for the defendant to have procured the issue of the warrant in question, if the jury should find that the defendant procured it, and that it was not the province nor duty of the court to indicate to the jury, in the manner appearing from the requested instruction, what facts, if found by the jury, would or would not constitute such cause; and to the action of the court in each instance the defendant, by his counsel, excepted upon the ground that the question of reasonable or probable cause on the facts found in such case is always a question for the opinion of the court, it being left to the jury to find the facts, and upon the facts, as assumed by the instruction, the defendant, if he procured the warrant to be issued, had reasonable and probable cause so to do; and that, in any event, it was the duty of the court to state to the jury what facts, if found, would or would not, as the case may be, constitute such cause.

The charge of the court submitted the question whether it was reasonable or probable cause, to the determination of the jury, as

follows: "Fourth, was it without any reasonable or probable cause? I have said that the time at which that should be judged would be the time the affidavit was made. What did he know at that time as to what the probable right was to arrest this man and prosecute him for obtaining money under false pretenses, that is, getting this $12 with the intent of defrauding Hooven and Miller out of it?"

*Mr. Henry E. Davis* for the appellant.

*Mr. Howard Boyd* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The court erred in failing to instruct the jury what facts would constitute probable cause for the prosecution. The want of probable cause is a mixed question of law and fact. As to the existence of the facts relied on to constitute the want of probable cause, that is a question for the jury; but what will amount to the want of probable cause in any case is a question of law for the court. The jury are always instructed hypothetically as to what constitutes probable cause, or the want of it, leaving to them to find the facts embraced in the hypothesis. As said by Judge Washington in *Munns* v. *De Nemours,* 3 Wash. C. C. 31, Fed. Cas. No. 9,926: "In trials of actions of this nature, it is of infinite consequence to mark with precision the line to which the law will justify the defendant in going, and will punish him if he goes beyond it. On the one hand, public justice and public security require that offenders against the law should be brought to trial, and to punishment, if their guilt be established. Courts and juries, and the law officers whose duty it is to conduct the prosecutions of public offenders, must in most instances, if not in all, proceed upon the information of individuals; and if these actions are too much encouraged,—if the informer acts upon his own responsibility, and is bound to make

good his charge at all events, under the penalty of responding in damages to the accused, few will be found bold enough, at so great a risk, to endeavor to promote the public good. The informer can seldom have a full view of the whole ground, and must expect to be frequently disappointed by evidence which the accused only can furnish. Even if he be possessed of the whole evidence, he may err in judgment; and in many instances a jury may acquit, where to his mind the proofs of guilt were complete." *Staples* v. *Johnson,* 25 App. D. C. 155, 160.

Probable cause for a criminal prosecution lies in the existence of such facts and circumstances as would reasonably excite the belief in the mind of an ordinary cautious man, acting on the facts and circumstances within the knowledge of the prosecutor at the time, that the accused was guilty of the crime charged.

And if there be this probable cause, the motives which may have actuated the prosecutor in commencing and carrying on the prosecution are not material.

Where the facts tending to show want of probable cause are in dispute, their existence is for the determination of the jury; but their effect when found is a question for the determination of the court. *Spitzer* v. *Friedlander,* 14 App. D. C. 556, 562; *Brown* v. *Selfridge,* 34 App. D. C. 242, 247, s. c. 224 U. S. 189, 56 L. ed. 727, 32 Sup. Ct. Rep. 444; *Stewart* v. *Sonneborn,* 98 U. S. 187, 189, 25 L. ed. 116; *Coleman* v. *Heurich,* 2 Mackey, 189, 197; *Boyd* v. *Cross,* 35 Md. 194.

We think the court should have instructed the jury that if they believed that if, at the time of the institution of the prosecution, there were such facts and circumstances as would reasonably excite the belief in the mind of the defendant that the accused was probably guilty of the crime charged, that this would constitute probable cause. If defendant believed that plaintiff had procured the money from Hooven and Miller upon the representation that the Automobile Register had been actually distributed at the time of the collection, and that this fact was untrue, then he would be warranted in inducing Miller to make the complaint.

It was for the jury to say whether the plaintiff made those

representations to Miller, and Miller reported the facts to the defendant, who induced him to make the complaint.

Probable cause, too, would exist if all the facts were made known to the prosecuting attorney at the time, and upon them he advised the prosecution.

On the error pointed out the judgment is reversed, with costs, and the cause remanded, with direction to grant a new trial.

*Reversed.*