## WOLTER v. SAFEWAY STORES, Inc.

### Civ. No. 22694.

District Court of the United States for the District of Columbia.

April 20, 1945.

F. Regis Noel and Russell Hardy, both of Washington, D. C., for plaintiff.

Henry I. Quinn, of Washington, D. C., for defendant.

WYCHE, District Judge (sitting by designation).

This is an action for damages for malicious criminal prosecution. At the close of the testimony for the plaintiff, I granted defendant's motion for a directed verdict. Rule 50(a), Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The plaintiff now moves for a new trial on the ground that the court erred "in stating the law in force in the District of Columbia" and in stating the facts in evidence in directing a verdict for the defendant.

The relevant testimony submitted on behalf of the plaintiff proves, in substance, that shortly after 6:30 o'clock p. m., (defendant's closing time) on the 24th day of June, 1943, the plaintiff came to defendant's store to purchase some milk, and found the door of the store closed and locked. As one of the employees, Mrs. Olive M. Schaeffer, a checker, opened the door to let out some customers, who were in the store at the time the door was locked, the plaintiff tried to enter the store, and Mrs. Schaeffer told him the store was closed, but the plaintiff tried to force his way in when Mrs. Schaeffer prevented him from doing so by closing and locking the door. When Mrs. Schaeffer refused to let him in the store, the plaintiff shook his fist at her in a threatening manner, and said to her, "I will get you for this", or words to that effect. However, the plaintiff himself testified that when Mrs. Schaeffer refused to let him in the store he banged on the door, and she jeered and laughed at him, and he shook his fist at her, demonstrating a threatening manner on the witness-stand. But a police officer, sworn in behalf of the plaintiff, testified that the plaintiff told him that he was angry when he could not get into the store, and that he had said to Mrs. Schaeffer, "I will get you for this", but that he did not intend to do her any bodily harm, that he meant to go to the office about it and "get her down there".

While Mrs. Schaeffer was sitting on her porch, behind some shrubbery on Sunday night, June 27, 1943, three days after the threats by the plaintiff, some man threw some chemical substance into her

face, and as he did so, said, "I told you I would get you" in the same guttural tone of voice as had been used by the plaintiff when he made the threats at the defendant's store. Her glasses protected her eyes, but her face was badly burned, and she could make no further identification of the man who made the assault.

The following morning, on the 28th day of June, 1943, upon the affidavit of Mrs. Schaeffer, a warrant was issued for the arrest of the plaintiff. The names of Olive M. Schaeffer, J. W. Brewer and Anna Ball, were indorsed on the back of the warrant as witnesses. J. W. Brewer was manager of defendant's store, and Anna Ball was a checker for the defendant. The warrant appears to have been served by John A. Stewart, M. P., at 8:30 p. m. on June 28, 1943, at which time the plaintiff was taken to Police Station, and released shortly thereafter upon a $100 cash bond. On the 29th day of June, 1943, upon the oath of Mrs. Schaeffer, the District Attorney filed an information charging the plaintiff with an assault upon her. The names of Olive M. Schaeffer, J. W. Brewer, Anna Ball and John A. Stewart, M. P., were indorsed on the back of the information as witnesses. The case was set for trial on June 29, 1943, and continued until July 19, 1943, and on that date Mrs. Schaeffer, J. W. Brewer and Anna Ball were notified to appear at the District Attorney's office as witnesses for the prosecution in the trial of the assault charge. These witnesses related the foregoing facts to the District Attorney, each witness telling what he knew about the facts in the case, after which the District Attorney concluded to nol-pros the assault charge against the plaintiff because Mrs. Schaeffer could not positively identify the plaintiff as the man who threw the chemical substance into her face, and then advised Mrs. Schaeffer that he would file on her oath an information against the plaintiff for threats. The District Attorney then entered the following indorsement on the back of the information charging assault: "Nolle Pros: This case lacks sufficient evidence. There is a threats charge to be filed. July 19, 1943 JosF. Lawless Asst. U. S. Atty."

On the same day, the 19th day of July, 1943, on the oath of Olive M. Schaeffer, the District Attorney filed an information charging the plaintiff with unlawfully making threats against Mrs. Schaeffer. The names of Olive M. Schaeffer, Lucy Johnson, Ernest P. Jefferson, M. P., Anna M. Ball and J. W. Brewer, were indorsed on the back of the information as witnesses. When this information was filed the plaintiff was released on his own recognizance in the custody of an attorney appointed for him by the court. The case duly came on for trial, and the defendant was acquitted by a jury.

■ To support an action for malicious criminal prosecution, the plaintiff must allege and prove, (1) the commencement or continuance of a criminal prosecution against the plaintiff; (2) that the defendant was the prosecutor or instigator of the prosecution; (3) that the prosecution was dismissed, or terminated in the plaintiff's acquittal; (4) that the charge preferred against the plaintiff was unfounded, and that it was made without reasonable or probable cause; (5) that the defendant in making or instigating the prosecution was actuated by malice; (6) that damages, conforming to legal standards, resulted to the plaintiff. The failure to prove any one of the foregoing essentials is fatal. Wheeler v. Nesbitt, 24 How. 544, 65 U.S. 544, 16 L.Ed. 765; Chapman v. Anderson, 55 App.D.C. 165, 3 F.2d 336; 38 Corpus Juris 336.

■ If the foregoing requisites exist therefor, an action for malicious prosecution will lie against a corporation, without showing that such acts of its officers or agents were ordered by it, or that such authority was expressly conferred upon them, but where the agent or servant instituting a malicious prosecution is not at the time acting within the scope of his authority, or in the course of his employment, the corporation will not be liable.

■ The record discloses that the prosecution for assault was instituted upon the oath of Mrs. Schaeffer, a checker in the defendant's store, and it may be assumed from the record, that Mrs. Schaeffer reported the assault to the Police Department on the night of the assault, and that the prosecution was instituted the following morning upon her complaint. Mrs. Schaeffer, the complaining witness in the prosecution for the assault, was a checker for the defendant corporation, whose duty it was to check out the customers, and who had no other authority than to make the sale, ring the sale on the cash register, and make change. When Mrs. Schaeffer made complaint about the assault upon her

by the plaintiff, she was not acting within the scope of her authority, or in the course of her employment as a servant of the defendant corporation. She was acting in her own behalf, concerning a personal assault upon her at her residence, at a time when she was not in the performance of any duties as a servant of the defendant corporation.

When the witnesses, Mrs. Schaeffer, Mrs. Ball and Mr. Brewer, appeared to testify upon the assault charge, they told the District Attorney what they knew about the case. Because Mrs. Schaeffer could not positively identify the plaintiff as the man who made the assault upon her, the District Attorney nol-prossed the case for assault, and advised Mrs. Schaeffer to enter prosecution for threats, which was done upon her oath. Mrs. Schaeffer and J. W. Brewer testified as witnesses for the prosecution in the threats case.

■ Mere passive knowledge, or acquiescence or consent in the acts of another person, is not sufficient to impose liability for malicious prosecution. There must be some affirmative action that the defendant instituted or caused the prosecution to be instituted. No liability attaches solely by reason of testifying as a witness for the prosecution, or by reason of the fact that one's name is indorsed as a witness on an indictment or information. There is no testimony in this case to prove that any servant or agent of the defendant corporation, acting within the scope of his or her authority, or in the course of his or her employment, instituted, or caused to be instituted, or advised, counseled or encouraged, or was instrumental in any way in instituting the prosecutions in this case.

For the foregoing reasons, it is my opinion that the plaintiff has failed to prove that the defendant corporation instituted, or caused to be instituted, the prosecutions for assault, or for threats.

I directed a verdict for the defendant upon the further ground that the plaintiff failed to prove that there was no probable cause for the prosecutions.

■ Want of reasonable and probable cause is as much an element in the action for a malicious criminal prosecution as the evil motive which prompts the prosecutor to make the accusation; and though the averment is a negative one in its form and character, it is nevertheless a material and essential element of the action, and must be proved by the plaintiff by some affirmative evidence. Wheeler v. Nesbitt, supra.

■ If there was probable cause for the prosecution, an action will not lie, although the party who procured the indictment was actuated by malice. The want of probable cause for the prosecution cannot be inferred from established malice. Dinsman v. Wilkes, 12 How. 390, 53 U.S. 390, 13 L.Ed. 1036; Spitzer v. Friedlander, 14 App.D.C. 556; Chapman v. Anderson, supra.

■ Probable cause has been defined to be: A reasonable cause to believe that the plaintiff was guilty, based on facts and circumstances sufficient in themselves to induce such belief in an ordinary person. Spitzer v. Friedlander, supra; Mark v. Rich, 43 App.D.C. 182; Mt. Vernon & Marshall Hall Steamboat Co. v. McKenney, 46 App.D.C. 99, certiorari denied 243 U.S. 655, 37 S.Ct. 480, 61 L.Ed. 948; Ambs v. Atchison, T. & S. F. R. Co., C.C.Mo., 114 F. 317; a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the party is guilty of the offense with which he is charged; or such a state of facts as would lead a man of ordinary caution to believe, or to entertain an honest or strong suspicion that the person is guilty. Stacey v. Emery, 97 U.S. 642, at page 645, 24 L.Ed. 1035; the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted. Wheeler v. Nesbitt, supra.

■ If the existence of facts from which probable cause, or want thereof, is to be determined, is in dispute, or depends upon conflicting testimony, the question is one for the jury, under instructions by the court stating such facts embraced within the record as would constitute probable cause, but if the facts upon the question of probable cause are undisputed or clearly established, the question of probable cause becomes a question of law for the court. Sanders v. Palmer, 2 Cir., 55 F. 217, 220; Crescent City Live Stock Co. v. Butchers' Union, 120 U.S. 141, at page 149, 7 S.Ct. 472, 30 L.Ed. 614; Stewart v. Sonneborn, 98 U.S.

16

187, at page 194, 25 L.Ed. 116; Chapman v. Anderson, supra.

Probable cause for a prosecution exists when all the material facts upon the question of probable cause are made known at the time to the prosecuting attorney, and upon them he advises and institutes the prosecution. Mark v. Rich, supra; Chapman v. Anderson, supra. Upon this question it was said by the Court of Appeals of the District of Columbia, in Chapman v. Anderson, supra [55 App.D.C. 165, 3 F.2d 340], "In most instances the courts have held, in malicious prosecution actions brought upon criminal prosecutions, that where the prosecutor stated all the material facts to the attorney charged with the responsibility of determining criminal liability, and he is by the attorney advised to prosecute, that probable cause exists, and the action from (for) malicious prosecution cannot be maintained. The welfare of law-abiding people would receive a severe blow, if it were to become established law that one must be the insurer of the successful outcome of criminal charges preferred."

All the material facts upon the question of probable cause in the prosecution for threats were made known at the time to the prosecuting attorney, and upon them he advised the prosecution for threats, and entered an information accordingly.

All the material facts upon the question of probable cause for both prosecutions have been proved by evidence in behalf of the plaintiff. They are clearly established and undisputed, and the only reasonable inference that can be drawn from them is that there was probable cause for the prosecutions of the plaintiff. National Surety Co. v. Page, 4 Cir., 58 F.2d 145. Mrs. Schaeffer, as well as J. W. Brewer, had strong reason to believe that the plaintiff was the man who committed the assault, and they knew that he was the man who made the threats, for which he was prosecuted. The man who made the assault said in a guttural tone of voice like that of the plaintiff, "I told you I would get you". The assault came shortly after the threats, and there was no evidence that any other person had made threats against Mrs. Schaeffer, or that any other person had any grievance against her. The facts and circumstances, proved by the plaintiff in the trial of this case, are sufficient in themselves to lead a man of ordinary caution to believe that the plaintiff was guilty of the assault, as well as the threats, for which he was indicted.

For the reasons herein stated, I directed a verdict for the defendant; and, for the same reasons, I now overrule the motion for a new trial.