**MILSTEAD v. W. P. BALLARD & CO., Inc.**

No. 963.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 23, 1950.

Decided Nov. 9, 1950.

Rehearing Denied Nov. 20, 1950.

James H. McCoole, Washington, D. C., for appellant.

Richard L. Tedrow, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiff-appellant brought an action for malicious prosecution, alleging that defendant-appellee, through its agent, maliciously and without probable cause instituted a criminal proceeding charging plaintiff with having received stolen property, that plaintiff was arrested and on preliminary hearing, at which defendant's agent testified, was held for action of the grand jury, and that thereafter the grand jury ignored the charge and refused to indict. Defendant in its answer denied that it acted maliciously or without probable cause, alleged that it merely made a full disclosure of all material facts to the duly constituted authorities, and denied that it instigated the prosecution.

A motion for summary judgment was made by defendant. The motion was granted and this appeal followed.

It is not necessary for us to discuss the principles which guide in administering summary judgment procedure. That was fully done in the recent opinion in Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766. Neither is it necessary to state the general principles of law relating to the action of malicious prosecution. Those principles are well established in this jurisdiction. See Wolter v. Safeway Stores, Inc., D.C., 60 F.Supp. 12, affirmed, 80 U.S.App.D.C. 357, 153 F.2d 641, certiorari denied, 329 U.S. 747, 67 S.Ct. 64; Viner v. Friedman, D.C.Mun.App., 33 A.2d 631.

In granting summary judgment the trial court had before it the deposition of plaintiff, taken at the instance of defendant, an affidavit by Thurston McNamara, manager of defendant, and a copy of the police incidental relating to the criminal proceeding. It would appear that the following basic facts are undisputed. A quantity of clothes hangers disappeared from defendant's place

of business and defendant reported the loss to the police department; after investigation one Morton, an employee of defendant, was arrested and confessed to stealing the hangers and stated he had sold the hangers to various people including plaintiff; a warrant was drawn for the arrest of plaintiff and signed by McNamara; plaintiff was arrested and on preliminary hearing was held for the grand jury; at the preliminary hearing McNamara was a witness for the Government; and when the case was presented to the grand jury it refused to indict.

The trial court did not indicate on what basis it granted summary judgment. Defendant says the court ruled that there was probable cause as a matter of law, and attempts to justify this position. However, much of defendant's argument is directed to the claim that it did not instigate the prosecution but merely gave information to the authorities who in the exercise of independent discretion initiated the proceeding. On the record we think it cannot be held as a matter of law that there was probable cause or that defendant did not instigate the proceeding.

If it be assumed that McNamara's affidavit is a true and complete statement of all facts relating to defendant's connection with the criminal proceeding, it may be that plaintiff has no cause of action; but on motion for summary judgment the court cannot indulge in such an assumption. The mere fact that plaintiff filed no opposing affidavit does not establish the truth of McNamara's affidavit, for it would be impossible for plaintiff of his own knowledge to deny under oath some of McNamara's statements. Moreover a party cannot be compelled to try his case on affidavits without the benefit of cross-examination.

Aside from the foregoing, the record shows a clear issue of fact regarding McNamara's identification of the property found in plaintiff's possession. According to plaintiff's deposition McNamara and a detective came to plaintiff's place of business and McNamara positively identified certain hangers there as the property

of defendant. In his affidavit McNamara makes no reference to his visit to plaintiff's place of business, but he does state that at the preliminary hearing he testified he could not definitely identify the hangers. Thus, there are in the case at least these two questions of fact: Did McNamara positively identify the hangers as the property of the defendant? If so, was that identification made honestly and in good faith? The answers to these questions will have a material bearing on the issues of whether defendant instigated the criminal proceeding, and, if so, whether there was lack of probable cause.

We do not intend to indicate that plaintiff is entitled to recover. What we hold is that he is entitled to a trial and an opportunity to prove, if he can, his right to recover.

Reversed.