KINNARD *v.* FRIERSON.

*(Nashville,* December Term, 1949.)

Opinion filed March 17, 1950.

Rehearing denied April 29, 1950.

JAMES R. TUCK, of Nashville, for plaintiff.

C. VERNON HINES, of Nashville, for defendant.

Mr. Justice Prewitt delivered the opinion of the Court.

Clabe Kinnard, a colored man, brought this suit in the Circuit Court of Davidson County, against J. W. Frierson to recover damages for the alleged malicious prosecution of an unlawful detainer suit brought by Frierson against him in the General Sessions Court. The case was tried before the Judge and jury, where judgment was entered for Kinnard in the sum of $300 compensatory, and $200 punitive damages, making a total judgment of $500. On motion for new trial, the Judge reduced the judgment for compensatory damages from $300 to $150 by remittitur and entered a final judgment in the total sum of $350. This judgment was affirmed by the Court of Appeals. Writ of certiorari has been filed in this Court by Frierson, which has been granted and argument heard.

The material facts are as follows: Kinnard was living in a house in Nashville. His rent was paid. Frierson brought the unlawful detainer suit against him in the General Sessions Court of Davidson County before the rent was due. Kinnard appeared in court to defend the suit and was told, in substance, that the suit against him had been dismissed. Thereupon, Kinnard went his way and paid no further attention to the suit. On the following day, Frierson appeared in the General Sessions Court, took a default judgment against Kinnard, had a writ of possession issued, put the housekeeping furniture and other personal property of Kinnard out of the house,

and it was damaged by rain. Apparently, Frierson made no effort to learn whether Kinnard was behind in his rents.

The original suit was taken to Circuit Court by Kinnard, where judgment was entered in his favor dismissing the suit.

There is material evidence in the record to show that Frierson wrote a letter to Kinnard on August 19, 1947, informing him that his rent would not be due until September 1, 1947; that Frierson immediately instituted the detainer suit against plaintiff on August 22, 1947, and had him evicted; that upon certiorari to the Circuit Court the detainer suit was dismissed. There is also material evidence to show that plaintiff was not in arrears in his rent, as shown by his receipts.

In *Swepson* v. *Davis,* 109 Tenn. 99, 108, 70 S. W. 65, 67, 59 L. R. A. 501, this Court said: "Mr. Cooley, in his work on Torts, in defining the elements necessary to sustain an action of malicious prosecution, says (Section 181): 'There must be a concurrence of the following circumstances. (1) A suit or proceeding instituted without any probable cause therefor; (2) the motives in instituting it must be malicious; (3) the prosecution must be terminated in the acquittal or discharge of the accused.' Again (Section 186): 'The termination of the proceeding must, in general, be a final acquittal.' "

Under the facts proven, we find that there was a concurrence of the following circumstances, (1) a suit instituted without probable cause, and (2) the motive in instituting the suit was malicious. We, therefore, find no error in the judgment of the Court of Appeals and it is affirmed.

All concur.