**Terrance Lynn DANIELS, Plaintiff-Appellant,**

v.

**WHITE CONSOLIDATED INDUSTRIES, INC., Defendant-Appellee.**

Court of Appeals of Tennessee, Western Section.

March 8, 1985.

Application for Permission to Appeal Denied May 13, 1985.

W. Zane Daniel, Knoxville, for plaintiff-appellant.

William A. Young and William N. Groover, Knoxville, for defendant-appellee.

CRAWFORD, Judge.

This case arose as the result of a collision between a service truck owned by defendant, White Consolidated Industries, Inc., and driven by defendant Ronald L. Adkins, and a motorcycle driven by plaintiff, Terrance Lynn Daniels. Daniels' complaint for personal injuries alleges that Adkins was guilty of common law negligence and negligence per se in the violation of state statutes and that Adkins' negligence directly and proximately caused the collision and the resulting injuries to Daniels. The complaint further alleges that Adkins

was driving a vehicle owned by White as the agent and servant of White on or about its business and that, therefore, White is liable by virtue of the doctrine of respondeat superior. The trial court granted White's motion for summary judgment and dismissed White from the lawsuit. Subsequently, in a jury trial, the jury awarded $185,000 damages to Daniels against Adkins. Daniels appeals to this court from the order of the trial court granting summary judgment to defendant White.

The only issue presented for review is whether the trial court erred in granting summary judgment for defendant White.

In support of the motion for summary judgment, White relied on the Adkins' discovery deposition. In opposition to the motion, Daniels relied upon the depositions of Adkins and several other individuals. These depositions and the technical record comprise the record on appeal from which we determine the facts pertinent to this motion to be as follows:

Adkins was employed as a serviceman by White and was furnished a 1981 Ford van for use in his employment. He was allowed to take the van home in the evening after work, but was instructed to use the vehicle only for work purposes, although he had on occasion used the van for personal errands such as going to the grocery store. From time to time Adkins would take his lunch to work with him and on these occasions sometimes would eat lunch as he was driving the van from one job to another and at other times would stop and take a break for lunch. The accident occurred on June 8, 1982, about midnight when Adkins was driving the company van from his home to the grocery store to purchase groceries so that he could prepare his lunch to take to work the next day.

■ Summary judgment is to be rendered by a trial court only when it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn.R.Civ.P. 56.03 (1984).

■ In ruling on a motion for summary judgment, the trial court and the Court of Appeals must consider the matter in the same manner as a motion for a directed verdict made at the close of the plaintiff's proof, i.e., all the evidence must be viewed in the light most favorable to the opponent of the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. It is only when there is no disputed issue of material fact that a summary judgment should be granted by the trial court and sustained by the Court of Appeals. *Bennett v. Mid-South Terminals Corp.*, 660 S.W.2d 799 (Tenn.1983).

Daniels asserts that Adkins eating lunch while driving from one job to another increased his productivity and benefitted White by Adkins having additional time for labor. Daniels contends, therefore, that Adkins' trip to the grocery store to get the supplies for the next day's lunch was a trip in furtherance of the employer White's interest, thus making the employer liable for Adkins' negligence under the doctrine of respondeat superior. Daniels cites in support of his contention *Leeper Hardware Co., Inc. v. Kirk*, 58 Tenn.App. 549, 434 S.W.2d 620 (1968) and *Fitzgerald v. Wood*, 34 Tenn.App. 345, 238 S.W.2d 103 (1951). His reliance is misplaced. While these cases are authoritative on the issue before the court, they do not support Daniels' contention.

In *Leeper*, the employee was going to his home for lunch, but was also under instructions from his employer to perform a task for the employer while out. The court noted that the situation involved a mission for his employer at least in part at the time the accident occurred. In affirming the judgment against the employer under the doctrine of respondeat superior the court said:

"The test in brief is this: If the work of the employer creates the necessity for travel, [the employee] is in the course of his employment, though he is serving at the same time some purpose of his own. If, however, the work is merely incidental to the travel, and the trip would not

have been made but for the private purpose of the servant, he is out of the scope of his employment in making it." Blashfield Cyclopedia of Automobile Law and Practice, § 3034, pp. 374–375, and cases there cited. (Other citations omitted).

434 S.W.2d at 624.

In *Fitzgerald*, the employee ambulance driver, upon returning from a "dry-run" call, allowed his friend to drive and they deviated from the direct route to their place of business to a barbecue stand to obtain sandwiches for their manager, his family and themselves. The accident happened while they drove to get the food. Evidence indicated that the manager knew before the driver left that he was going by to purchase the sandwiches. The trial court directed a verdict for the employer because the judge was of the opinion that the evidence showed the ambulance was not being operated to further the defendant employer's business. The *Fitzgerald* plaintiff had contended that since the ambulance driver employee was on 24-hour duty and no eating facilities were provided at the place of business, the jury could infer a benefit to the master in saving time by the driver using the ambulance to go for food and return quickly. The Court of Appeals sustained the action of the trial court in directing a verdict for the defendant because the evidence was insufficient to show that such a use of the ambulance constituted a benefit to the master's business. The court said:

> The gist of the matter is that the solution of the problem depends on the facts and circumstances of each case and unless there is some fact or circumstance indicating a benefit to the owner, the use is regarded as being for the personal benefit of the servant alone, in which event the master is not liable for the acts of the servant; ...

238 S.W.2d at 105.

In the case before us there is no dispute as to the material facts, and, therefore, our determination is confined to whether White is entitled to a judgment as a matter of law. There is no proof that the lunch Adkins was on his way to buy would have been eaten by Adkins while he drove from one job to another. Even if we had such proof, in our opinion it would be straining to the limit to find that the employee was furthering the master's business in such a situation. In the case before us we have a mere possibility that the employee might have chosen, a day after his mission to buy groceries, to eat his lunch in such a manner as to benefit his employer. A plaintiff's verdict cannot be based on speculation, conjecture or guessing; a mere spark, glimmer or scintilla of evidence; or inference based upon or drawn from other inferences. *See Bowers v. Potts*, 617 S.W.2d 149 (Tenn.App.1981) and cases cited therein.

Following the test in *Leeper Hardware Co., Inc. v. Kirk, supra*, the appliance repair work of the employer White did not create the necessity for Adkins' travel on the occasion of the accident. At best the work could possibly be incidental to the travel and, therefore, Adkins was outside the scope of his employment while making this particular trip. On the facts before us, White was entitled to a judgment as a matter of law and the trial court was correct in granting summary judgment. Therefore, the order of the trial court granting summary judgment is affirmed and costs of the appeal are assessed against the appellant.

NEARN, P.J. (W.S.), and TOMLIN, J., concur.