Charles Ray BROWN, b/n/f Cheryl Brown, Plaintiffs/Appellees,

v.

SCOA INDUSTRIES, INC., Defendants/Appellants.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Sept. 30, 1987.

Permission to Appeal Denied by Supreme Court Dec. 21, 1987.

Randolph A. Veazey, Glasgow & Veazey, Nashville, for defendants/appellants.

Jack Green, Nashville, for plaintiffs/appellees.

## OPINION

KOCH, Judge.

Cheryl Brown, acting on behalf of her fourteen year old son who had been charged with shoplifting, filed an action in the Circuit Court for Davidson County accusing SCOA Industries, Inc. of malicious prosecution, false arrest, false imprisonment, and outrageous conduct. The trial court submitted her malicious prosecution and false imprisonment claims to a jury which awarded Mrs. Brown and her son $100,000 in compensatory and punitive damages. SCOA Industries has appealed, raising numerous issues concerning the conduct of the trial and the instructions to the jury. We have determined that the jury's verdict must be set aside because the trial court's instructions on the issue of probable cause were erroneous. We have also determined that the case should be dismissed because SCOA Industries was entitled to a directed verdict on the malicious prosecution and false imprisonment claims.

I.

Charles Ray Brown, fourteen, purchased a cassette tape at the Hills Department Store in Hickory Hollow on November 26, 1983. He returned to the store with his mother, Cheryl Brown, on December 6, 1983, ostensibly to return the tape because he thought all the songs sounded the same.

Charles Brown and his mother entered the store together but soon parted company. Unbeknownst to either of them, John D. Smith, one of Hill's floorwalkers, observed them when they came into the store and began to follow Charles Brown. Mr. Smith kept Charles Brown under constant surveillance for the entire hour the boy was in the store.

As Mr. Smith watched, Charles Brown went past the security guard and the customer service counter at the front of the store, where he could have checked his package or obtained a refund, and proceeded to the section of the store where the cassette tapes were displayed. He removed a cassette from the shelf and carried it to the hardware section where he removed the cassette from its plastic container, placed it in a paper bag he took from his coat pocket, and hid the empty container behind some paint cans. Then he took the tape to the customer service desk where he obtained a refund voucher even though there was a discrepancy between the amount of the sales slip he presented and the price of the tape he returned. He joined his mother in the check out line after he received the voucher and obtained a refund from the cashier.

Mrs. Brown and her son left the store. Mr. Smith and another store employee fol-

lowed them to the parking lot. Thinking that the employees wanted to talk with her, Mrs. Brown drove back to the entrance of the store. Mr. Smith asked her if she would mind coming back into the store so they could talk with her and her son. Mrs. Brown and her son voluntarily returned to the store and were escorted to the security office.

What transpired after Mrs. Brown and her son entered the security office is disputed. Mr. Smith stated that he informed Mrs. Brown and her son about what was going on and then asked Charles Brown for certain identifying information which he recorded on a company incident report form. This form also served as an admission of guilt if the person accused of shoplifting signed it. He handed the form to Charles and asked him to read and sign it. Mrs. Brown and her son stated that Mr. Smith told them that the form was routine and that he never told them that it contained an admission of shoplifting. The boy started to sign the form, but his mother stopped him and instructed him not to sign it.

Following company procedure, Mr. Smith summoned the police after Charles Brown refused to sign the form. When they arrived at the store, the police took the boy into custody and searched his mother's car where they found another cassette tape. Charles Brown was charged with shoplifting. The Davidson County Juvenile Court heard the matter on February 16, 1984 and found the boy not guilty. This lawsuit was filed five months later.

## II.

### The Probable Cause Determination

■ The tort of malicious prosecution is based upon a person's procurement or initiation of civil or criminal proceedings against an innocent person with malice and without probable cause. *Donaldson v. Donaldson*, 557 S.W.2d 60, 62 (Tenn.1977); *Kinnard v. Frierson*, 190 Tenn. 304, 306, 229 S.W.2d 348, 349 (1950); *Kerney v. Aetna Casualty and Surety Co.*, 648 S.W.2d 247, 250–51 (Tenn.Ct.App.1982). Thus, probable cause is an essential element of the plaintiff's case. *Mullins v. Wells*, 60 Tenn.App. 675, 683, 450 S.W.2d 599, 603 (1969).

■ The question of probable cause is not exclusively a jury question. It is a mixed question of law and fact. The Tennessee Supreme Court has made it clear that the determination of the existence of probable cause is a question of law that only the trial court can decide. *Logan v. Kuhn's Big K Corp.*, 676 S.W.2d 948, 952 (Tenn.1984); *Cohen v. Cook*, 224 Tenn. 729, 731, 462 S.W.2d 499, 500 (1970). Thus,

> [w]hether the circumstances alleged to show [probable cause] are true and existed is a question of fact for the jury. Whether the facts found to be true constitute probable cause is a question of law for the court.

*Lewis v. Williams*, 618 S.W.2d 299, 301 (Tenn.1981); *Buda v. Cassel Bros., Inc.*, 568 S.W.2d 628, 632 (Tenn.Ct.App.1978).

■ Recognizing that the probable cause determination will create procedural difficulties in malicious prosecution cases tried to a jury, the Tennessee Supreme Court has held that there are two procedures for determining the existence of probable cause when the evidence is in conflict. The first procedure requires the trial court to submit special questions to the jury requiring it to determine which facts material to the cause issue exist. The second procedure requires the trial court to submit to the jury in hypothetical form, the facts upon which each party's probable cause theory is based. *Logan*, 676 S.W.2d at 951–52; *Lewis*, 618 S.W.2d at 300–01; *Cohen*, 224 Tenn. at 731–32, 462 S.W.2d at 500 (1970).

The trial court did not follow either of these procedures in this case. Rather, it instructed the jury not only that it was required to find the facts upon which the probable cause issue was to be decided but also that it was required to determine whether probable cause existed. This erro-

neous instruction vitiates the jury's verdict and requires that it be vacated.

## III.

### The Directed Verdict

Our task in this case does not end with the determination that the erroneous submission of the probable cause issue to the jury requires the verdict to be set aside. SCOA Industries also insists that it was entitled to a Tenn.R.Civ.P. 50 directed verdict on the malicious prosecution and false imprisonment claims.

Directed verdicts are appropriate only when reasonable minds, after reviewing the evidence, could reach only one conclusion. *Holmes v. Wilson,* 551 S.W.2d 682, 685 (Tenn.1977). Thus, when an appellate court is considering whether a trial court should have granted a directed verdict, it should take the strongest legitimate view of the evidence in favor of the prevailing party, allow all reasonable inferences favorable to that party, and disregard the evidence to the contrary. *Gann v. International Harvester Company of Canada,* 712 S.W.2d 100, 105 (Tenn.1986); *Sauls v. Evans,* 635 S.W.2d 377, 379 (Tenn.1982); *Potter v. Tucker,* 688 S.W.2d 833, 835 (Tenn.Ct.App.1985).

We find that SCOA Industries was entitled to a directed verdict on both claims because reasonable minds cannot disagree that the store's employees had probable cause to believe that Charles Brown had stolen the cassette tape.

### A.

### The Malicious Prosecution Claim

Tenn.Code Ann. § 40–7–116(c) provides merchants who accuse someone of shoplifting with a complete defense against a malicious prosecution or false imprisonment claim if the merchant establishes that: (1) it had probable cause, (2) it acted "in a reasonable manner under all the circumstances," and (3) it detained the accused for a reasonable period of time.

SCOA Industries would not be entitled to a directed verdict if it were relying on this statutory affirmative defense because a jury question exists concerning the reasonableness of its employees' actions in attempting to obtain a confession from Charles Brown. This opinion should not be construed to imply that that this Court condones efforts to obtain a confession from a juvenile through trickery. However, this type of conduct, even if it occurred in this case, has no bearing on whether the store's employees had a reasonable basis to believe that Charles Brown had stolen the cassette tape.

SCOA Industries may still be entitled to a directed verdict on the malicious prosecution claim even though it cannot meet the requirements of Tenn.Code · Ann. § 40–7–116(c). In order to prevail in this case, Mrs. Brown and her son must prove that the store's employees acted without probable cause when they accused Charles Brown of shoplifting. *Kinnard v. Frierson,* 190 Tenn. 304, 306, 229 S.W.2d 348, 349 (1950). Probable cause signifies simply that the prosecutor had a good faith belief, based on the facts and circumstances known at the time, that the accused was guilty of the offense charged. *Lewis v. Williams,* 618 S.W.2d 299, 302 (Tenn.1981); *Thompson v. Schulz,* 34 Tenn.App. 488, 494, 240 S.W.2d 252, 255 (1949).

We have reviewed the record in a light most favorable to Mrs. Brown and her son and have determined that the store's employees had a reasonable basis to believe that Charles Brown stole the cassette tape he was accused of shoplifting. An employee of the store saw him take the tape and then exchange it for a refund. Other store employees saw the plastic wrapper the boy discarded behind the paint cans in the hardware section of the store. Finally, there was a discrepancy between the amount shown on the sales slip the boy presented and the price of the tape he wished to return. This evidence is sufficient to provide probable cause.

### B.

### The False Imprisonment Claim

False imprisonment is the intentional restraint or detention of another without just cause. *Little Stores v. Isenberg,* 26 Tenn.App. 357, 363–64, 172 S.W.2d

**920**

13, 16 (1943). Like the tort of malicious prosecution, false imprisonment requires that the defendant must have acted without probable cause. *McQueen v. Heck,* 41 Tenn. (1 Cold.) 212, 215 (1860); *McLaughlin v. Smith,* 56 Tenn.App. 715, 726, 412 S.W.2d 21, 26–27 (1966).

■ We have already determined, in the context of the malicious prosecution claim, that the store's employees had probable cause to believe that Charles Brown had stolen the cassette tape. This determination is equally applicable to the false imprisonment claim. Therefore, SCOA Industries is entitled to a directed verdict on the false imprisonment cause of action because reasonable minds could not conclude other than that its employees had probable cause when they detained Charles Brown for shoplifting.

### V.

The jury's verdict and the judgment entered thereon are vacated. The case is remanded to the trial court with directions that an order be entered granting the defendants' motion for a directed verdict and dismissing the case. The costs of this appeal are taxed to Cheryl Brown for which execution, if necessary, may issue.

LEWIS and CANTRELL, JJ., concur.