IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE

---

CHARLES N. DELATTE,

    Plaintiff/Appellant.

v.

SOUTH MARK REALTY
PARTNERS, LTD., d/b/a HICKORY
LAKE APARTMENT COMMUNITY,

    Defendant/Appellee.

Davidson Circuit No. 92C-235
C.A. No. 01A01-9504-CV-00141

Hon. Barbara N. Haynes, Judge



**FILED**

**Jan. 19, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

DAVID S. GARDNER, Nashville, Attorney for Plaintiff/Appellant

RICHARD D. MOORE, Levine, Mattson, Orr & Geracioti, Nashville,
Attorney for Defendant/Appellee

*AFFIRMED*

Opinion Filed:

---

### MEMORANDUM OPINION[1]

---

TOMLIN, Sr. J.

Charles N. Delatte ("plaintiff") filed suit in the Circuit Court of Davidson County against South Mark Realty Partners, Ltd. ("defendant") seeking damages for injuries sustained by him when a metal hand railing on a stairway in the common area of defendant's apartment complex collapsed, causing him to fall. The trial court granted defendant's motions for summary judgment. The sole issue presented by this appeal is whether the trial court was in error in so doing. For the reasons herein set forth, we find no error and affirm.

---

[1]Rule 10 (Court of Appeals). **Memorandum Opinion**.— (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

1

The underlying facts are not in dispute. Defendant owned a large apartment complex in Antioch, Davidson County. Plaintiff leased one of the apartments in 1990. In May 1991, plaintiff fell down an exterior concrete stairway leading from a portion of the common area in front of his apartment to the parking lot below. He contends that his fall was caused when a metal hand railing on one side of the stairway collapsed. Plaintiff's complaint charged defendant with common law negligence and negligence per se in violation of T.C.A. § 66-28-304(1)-(3) (1993), a portion of the Uniform Residential Landlord and Tenant Act (URLTA), and in violation of certain provisions of the Standard Building Code as incorporated into the Metropolitan Code of Nashville. The trial court granted plaintiff leave to file an amended complaint. Plaintiff added additional allegations of negligence per se as well as a claim for intentional harm, seeking punitive damages.

Defendant initially filed a motion for partial summary judgment on the ground that the exterior stairway leading to its parking lot was not subject to the provisions of either the Housing Code or the Standard Building Code as adopted by Metropolitan Nashville. The trial court granted defendant's motion, dismissing plaintiff's allegations to the effect that defendant was guilty of negligence per se for violating sections of the Building Code as adopted by Metropolitan Nashville.

On November 4, 1994 a further hearing was held by the trial court on defendant's motions for partial summary judgment and for summary judgment. The trial court dismissed with prejudice plaintiff's claims of negligence per se as well as his claim for punitive damages. This order of the court read in part as follows:

> It appears to the Court, after considering the entire record in this case, and after considering the arguments and representations made in court by counsel for the respective parties, that the plaintiff,

> Charles Delatte, concedes that his claims of negligence per se against the defendant and his claim for punitive damages against the defendant should be dismissed. (emphasis added)

> Wherefore it is ordered that the plaintiff's claims of negligence per se against the defendant are hereby dismissed with prejudice.

> It is further ordered that plaintiff's claim for punitive damages against the defendant is also dismissed with prejudice.

The trial court continued the hearing on the balance of the issues remaining for two weeks for the purpose of allowing plaintiff "additional time to produce evidence which might change the Court's mind" to the effect that defendant was entitled to summary judgment. At the subsequent hearing, the trial court granted summary judgment in favor of defendant on all remaining issues. This appeal followed.

Summary judgment should be granted only when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." T.R.C.P. 56.03; Byrd v. Hall, 847 S.W.2d 208, 214 (Tenn. 1993). The issues that lie at the heart of evaluating a summary judgment motion are: (1) whether a factual dispute exists; (2) whether the disputed fact is material to the outcome of the case; and (3) whether the disputed fact creates a genuine issue for trial. Id. at 214. An additional issue is whether the moving party is entitled to judgment as a matter of law. Id. at 215.

In ruling on a motion for summary judgment, both the trial court and this court must consider the matter in the same manner as a motion for a directed verdict made at the close of the plaintiff's proof—i.e., all the evidence must be viewed in the light most favorable to the opponent to the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. It is only when there is no disputed issue of material fact that a summary judgment should be granted by the trial court and affirmed by this court. Daniels v. White

3

Consolidated Industries, Inc., 692 S.W.2d 422, 424 (Tenn. App. 1985).

## I. THE NEGLIGENCE PER SE ISSUES

At a subsequent hearing, the trial court considered the remainder of defendant's summary judgment motions relevant to the dismissal of allegations of negligence per se, common law negligence and plaintiff's claim for punitive damages. It was following this hearing that the trial court entered the order hereinabove referred to, wherein it stated that plaintiff conceded that his negligence per se claims against defendant were without merit. This was an interlocutory order at that time and could have been modified by the trial court upon motion of either party at any time prior to its becoming final. At no time did plaintiff challenge this judgment.

In his brief before this court, plaintiff completely ignores the holding of the trial court on this issue. On the other hand, defendant takes the trial court's judgment for what it says, and argues to this court that plaintiff has waived this issue. This contention is reinforced by the fact that plaintiff chose not to file a reply brief to defendant's position as to this issue. Taking everything into consideration, we are of the opinion that plaintiff did waive this issue by this inaction.

Without in any way relenting from this conclusion, should this be considered a viable issue, we are of the opinion that it is without merit. Relying on the opinion by the middle section of this court in Smith v. Owen, 841 S.W.2d 828 (Tenn. App. 1992), plaintiff contends that the existence of a defective handrail (revealed by the fall) and an injury resulting therefrom will serve as a sufficient basis for a claim of negligence per se. Plaintiff's reliance on Smith is misplaced. In Smith, defendant was found guilty of negligence per se on these facts: the building code adopted by the City of Cookeville expressly prohibited the renting of a dwelling for living purposes without a prior inspection to ascertain that its condition met

4

certain standards specified in the code. Id. at 829-30. The proof showed that defendant did in fact rent the premises in which plaintiff's child sustained injuries without making such inspection, and that an inspection would have revealed the defect that caused the injury. Id. at 829.

In so holding, the Smith court held that defendant, who had no actual knowledge of the condition that caused the injury, was put on constructive notice of his duty by virtue of the provisions in the Cookeville building code. Id. at 831. In order to recover under negligence per se in this case, plaintiff would be required to show the existence of a genuine issue of material fact that defendant breached the duty of care imposed on him by the URLTA. When faced with defendant's motion for summary judgment, this plaintiff did not do so. This issue is without merit.

## II.   COMMON LAW NEGLIGENCE CLAIM

Plaintiff contends that the trial court erred in granting summary judgment as to his common law negligence claims. This court has previously stated the rule of landlord premises liability:

> As a general rule, the landlord is not liable for injuries to the tenant caused by dangerous or defective conditions on the leased premises unless the landlord knew or in the exercise of reasonable care and diligence should have known of the dangerous condition at the time he leased the premises.

Tedder v. Raskin, 728 S.W.2d 343, 347 (Tenn. App. 1987). Where the landlord retains possession of a part of the premises for use in common by different tenants, the landlord is under a continuing duty imposed by law to exercise reasonable care to keep the common areas in good repair and a safe condition. Id. at 347-48. While this duty does not require constant care and an inspection by the landlord, when he has actual or constructive notice of a dangerous or defective condition in an area under his control, he must act within a reasonable time to remedy the

5

condition. Id. at 348. Liability does not ensue until the landlord has notice, actual or constructive, and a reasonable opportunity to repair the defect. Id.

Depositions and affidavits filed in support of defendant's motion for summary judgment establish that defendants did not have prior notice of an unsafe condition of the handrail involved in plaintiff's fall prior to the fall itself. Plaintiff concedes that defendant did not have actual notice of the corroded condition of the hand rail in question prior to plaintiff's accident.

Under the law of this state, a moving party is entitled to summary judgment when the nonmoving party cannot establish an essential element of his case. Byrd v. Hall, 847 S.W.2d 208, 213-16 (Tenn. 1993). After the parties seeking summary judgment have made a properly supported motion as in the case before us, the burden then shifts to the nonmoving party to set forth specifics facts, not legal conclusions, by using affidavits or the discovery materials listed in Rule 56.03, establishing that there are indeed disputed, material facts creating a genuine issue that needs to be resolved by the trier of fact and that a trial is, therefore, necessary. Id. at 215. The nonmoving party may not rely upon the allegations or the denial of his pleadings in carrying out this burden as mandated by Rule 56.05. Id. The evidence offered by the nonmoving party must be taken as true. Id. Moreover, the facts on which the nonmovant relies must be admissible at the trial. Id.

Applying these principles to the facts presented in this appeal, we first note that in connection with defendant's motion for summary judgment, it was established by deposition and affidavits that prior to plaintiff's fall on May 5, 1991, defendants had no prior knowledge or notice of an unsafe condition of the handrail in question. Plaintiff concedes that defendant did not have actual notice of the corroded condition of the hand rail prior to his accident. It thus becomes

incumbent upon plaintiff to establish that there is a genuine issue of material fact as to whether defendant had constructive notice of the unsafe condition of this particular handrail.

The general rule in this jurisdiction as far as the predication of liability on constructive knowledge is as follows:

> If liability is to be predicated on constructive knowledge by the Defendant, the proof must show the dangerous or defective condition existed for such length of time that the Defendant knew, or in the exercise of ordinary care should have known, of its existence.

Worsham v. Pilot Oil Corp., 728 S.W.2d 19, 20 (Tenn. 1987). Plaintiff relies upon the affidavits of Angie Fisher, Wilfred Gallardo, and the deposition testimony of defendant's maintenance man, David Devine, in an attempt to create a genuine issue of material fact as to whether defendant had constructive notice of the defect in the handrail in plaintiff's fall prior to the fall itself. Plaintiff's reliance thereon is misplaced and in our opinion does not create a genuine issue of fact. As for the affidavit of Angie Fisher, this affidavit fails to comply with Rule 56.05 T.R.C.P. Rule 56.05 states in part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Fisher's affidavit states in part that ?the handrail which caused Mr. Delatte's injury was defective and loose and likely to cause injury for at least one week prior to Mr. Delatte's fall." This affidavit fails to meet the requirement of Rule 56.05 set forth above, in that the court cannot tell whether Fisher personally observed the defect and did so at least one week prior to the fall or whether she heard it for someone else or was simply repeating a rumor. In addition, there is nothing in the affidavit stating that this statement, as well as others, were made upon her own personal

knowledge.

Plaintiff offered the affidavit of Wilfred Gallardo, a certified safety specialist, as an expert witness on the issue of the allegedly defective handrail design. Gallardo testified that the defective design of the handrail anchoring posts allowed water to accumulate in the base of the rail, which would result in corrosion if defendant did not properly inspect and maintain the handrail. Plaintiff contends Gallardo's testimony is sufficient to create a genuine issue of material fact on the question of constructive notice. The viability of expert opinion affidavits is controlled by Tennessee Rule of Evidence 703. This rule states in part that ?[t]he court shall disallow testimony in the form of an opinion or inference if the underlying facts or data indicate a lack of trustworthiness." T.R.E. 703. Gallardo's affidavit does not state that it was made upon any personal knowledge or observation of defendant's property, and if so, when it was done. It also relies upon the application of certain provisions of the Standard Building Code which stands uncontradicted as inapplicable to outside stairways such as the one involved here. Furthermore, the photographs submitted with Gallardo's affidavits were not authenticated in any way.

As for the deposition of defendant's maintenance man, David Devine, he gave no testimony to the effect that any circumstances existed that should have caused defendant to be aware prior to the fall that something was amiss with the handrail on the stairway down which plaintiff fell. To the contrary, Devine stated that during the two and a half years he was employed by defendant, he knew of no complaints received by management or maintenance staff regarding this particular handrail.

It is our opinion that the trial court properly granted summary judgment in favor of defendant as to these issues. Accordingly, the judgment of the trial court

8

is affirmed.  Cost in this cause on appeal are taxed to plaintiff, for which execution

may issue if necessary.

_____

TOMLIN, Sr. J.


_____

HIGHERS, J.                    (CONCURS)


_____

FARMER, J.                    (CONCURS)