IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 1, 2011 Session

## ROBERT SHROUT, et al., v. HALL CONSTRUCTION, et al.

**Appeal from the Circuit Court for Claiborne County**
**No. 2009-CV-265      Hon. John McAfee, Judge**

---

**No. E2010-00862-COA-R3-CV - Filed March 14, 2011**

---

This case arose over the construction of a home for plaintiffs. Plaintiffs sued the construction company and a bank and several individuals. The Trial Court resolved the issues as to defendants, except Mark Rodriguez, prior to trial. The plaintiffs' case against Rodriguez was tried by the Trial Court who directed a verdict at the end of plaintiffs' proof. Plaintiffs appealed to this Court. Plaintiffs insisted that material evidence established a violation of the Consumer Protection Act by defendant, and the directed verdict should be reversed. Upon review of the evidentiary record, we conclude that the Trial Judge properly directed a verdict in favor of the defendant, and we affirm the Trial Court's Judgment.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and JOHN W. MCCLARTY, J., joined.

Van R. Irion, Knoxville, Tennessee, for the appellants, Robert Shrout and Joyce Shrout.

Thomas J. Tabor, Jr., Tazewell, Tennessee, for the appellee, Mark Rodriguez.

## OPINION

Plaintiffs filed a Complaint against Hall Construction, Sam Hall, Mark Rodriguez, Ed Miller, Betty Beeler, and Home Federal Bank, alleging their home was shoddily constructed. They asserted they had contracted with Hall Construction to build the home, and Sam Hall was the owner of Hall Construction, and Mark Rodriguez was the General Manager, and Ed

Miller was the Regional Superintendent. They obtained their construction loan through Home Federal Bank, and Betty Beeler was the office manager of that bank.

Plaintiffs alleged that they opened a construction account at Home Federal Bank and deposited $95,000, and obtained a loan from Home Federal for an additional $75,000. They alleged that disbursements were not to be made to the construction company until a progress inspection was performed by the bank.

Plaintiffs alleged that since they lived in Ohio, the bank would call and report to them that the house had been inspected and that a distribution should be made. At some point, plaintiffs alleged they became aware that the work was not being completed as reported or was not being done properly, and they relayed their concerns to Beeler. Further, that Home Federal made distributions to Hall without their consent, and that they paid Hall directly for work that was never done. Plaintiffs then hired Ronald Corum, an engineer, to inspect the home, and he found numerous construction defects in the home and incomplete work, and plaintiffs concluded that Hall Construction and its principals were guilty of breach of contract and breach of warranty for failing to properly construct plaintiffs' home. Further, there were violations of the Tennessee Consumer Protection Act (TCPA). Also, the defendants were guilty of fraud/intentional misrepresentation and that Home Federal had breached its contract with plaintiffs and violated the covenant of good faith and fair dealing.

Motions to Dismiss and Motions for Summary Judgment were subsequently filed. The Court entered a Default Judgment against Defendants Hall Construction and Sam Hall, and plaintiffs then voluntarily nonsuited their claims against Home Federal and Beeler. The Court held a hearing, and entered judgment against Hall and Hall Construction for $218,184, and plaintiffs then filed a voluntary nonsuit as to defendant Miller.

The Court overruled Rodriguez's Motion for Summary Judgment and the case went to trial against Rodriguez. Several witnesses testified, including Rodriguez, and at the close of plaintiffs' proof, Rodriguez moved for a directed verdict, arguing there was no evidence that Rodriguez made any misrepresentations or engaged in any acts in violation of the TCPA. Plaintiffs' counsel responded that plaintiffs were no longer pursuing a breach of contract or breach of warranty claim against Rodriguez, but that they had proven violation of the TCPA and negligent misrepresentation.

Following arguments by the parties' counsel, the Court granted the directed verdict. The Court stated that, while plaintiffs were relying on the lien document that Rodriguez signed as "General Contractor" as a misrepresentation, there was no evidence that they relied on the document, since the construction contract was signed prior to that representation, and that plaintiffs contracted with Hall Construction, not Rodriguez, and executed the

-2-

construction documents with Hall Construction. The Court observed that defendant did make requests for draws on behalf of Hall, but whether the money was to be released was made by another individual. Further, the Court observed that plaintiffs failed to prove a violation of the TCPA and offered no evidence that Rodriguez engaged in any unfair or deceptive acts, and there was no admissible proof of fraud or intentional misrepresentation.

On appeal, the sole remaining issue is whether the Trial Court erred in granting Rodriguez's motion for directed verdict?

On appeal, plaintiffs also initially raised the issue of whether the Trial Court should have granted their motion for non-suit, but subsequently filed a notice with this Court that they were waiving that issue.

As this Court has previously explained:

On considering a motion for directed verdict, the court is required to take the strongest legitimate view of the evidence in favor of the plaintiff, including all reasonable inferences in the plaintiff's favor, and disregarding any evidence to the contrary. A verdict may be directed only if there is no material evidence in the record which would support the verdict for the plaintiff under any of the theories which plaintiff had advanced.

*Walker v. Associates Commercial Corp.*, 673 S.W.2d 517 (Tenn. Ct. App. 1983). The case does not have to be submitted to the jury where there is a mere glimmer of evidence - the evidence must be of a substantial and material nature. *Sadek v. Nashville Recycling Co.*, 751 S.W.2d 428 (Tenn. Ct. App. 1988).

Plaintiffs insist they proved a violation of the Consumer Protection Act, because Rodriguez signed the form document for the bank in a blank that said "general contractor", and in fact he was not the contractor. Plaintiffs rely on Tenn. Code Ann. §62-6-136, which provides that "[i]t is unlawful for any person, firm or corporation to represent itself as a licensed contractor or to act in the capacity of a "contractor" as defined in §§ 62-6-102, or 62-37-103, and related rules and regulations of this state, or any similar statutes, rules and regulations of another state, while not licensed, unless such person, firm or corporation has been duly licensed under § 62-6-103 or § 62-37-104." The statute also provides that a violation of its provisions will also be construed to be a violation of the TCPA. *Id.* Plaintiffs also rely on evidence that bank employees testified that Rodriguez represented himself to be the project manager for plaintiffs' project, and requested draws on the project, and that Rodriguez was liable for negligent misrepresentation.

Plaintiffs' reliance on the document signed by Rodriguez for the bank as proving a violation of the TCPA/negligent misrepresentation is misplaced. Rodriguez testified that he was asked by Hall and Mr. Shrout to go to the bank and sign the document so that construction could proceed. He testified that he went to the bank and signed the document that he was presented where he was told to sign it, and that he had no choice. He testified he asked if he could sign Mr. Hall's name to it, and the bank representative told him just to sign his name. There is no contradictory evidence on his testimony.

There was no evidence that anyone, including plaintiffs, thought that Rodriguez, by signing this document as he did, was holding himself out to be a licensed contractor. As he testified, he was signing as a representative of Hall Construction in Hall's stead, since Hall was out of town at the time. Moreover, there is no material evidence that plaintiffs relied on Rodriguez's signature or any alleged representation that he was a licensed contractor, since they had already contracted with Hall. Shrout testified that Rodriguez was introduced to him by Hall as "National Sales Manager", and there was no evidence that either Rodriguez or Hall told plaintiffs that Rodriguez was a licensed contractor, or that Rodriguez ever held himself out to be anything other than an employee of Hall.

As the Trial Court noted, there was no evidence that Rodriguez made any misrepresentations to plaintiffs or acted in an unfair or deceptive manner.

Plaintiffs further argue that emails from Hall Construction requesting draws on the construction account purportedly came from Rodriguez. Rodriguez denied sending the emails (except for the first one) and testified that any requests he made were done at Hall's direction. There is no dispute that the draws would not have been made without the inspector's authorization.

Finally, plaintiffs argue there was evidence of a partnership or joint venture between Rodriguez and Sam Hall. The Trial Court observed that this was not plead in the plaintiffs' complaint, and was not raised until the motion for directed verdict was made. However, there was no evidence that Rodriguez was anything other than an employee/contractor of Hall Construction.

As this Court has previously explained:

Tennessee Code Annotated section 61-1-101 defines a "partnership" as "an association of two (2) or more persons to carry on as co-owners of a business or other undertaking for profit[.]"

A partnership can only be created pursuant to a contract of partnership, though such

an agreement may be either express or implied. To determine whether a partnership exists, courts must ascertain the intention of the parties. In the absence of a written agreement, the requisite intention is that which is deducible from the parties' actions. The parties need only intend "to do the things which constitute a partnership." A partnership results if the parties "place their money, assets, labor, or skill in commerce with the understanding that profits will be shared between them."

"A joint venture is a relationship which arises from an agreement between two or more persons to undertake some common objectives for the benefit of all in pursuit of which each is authorized to act for the other." Our Supreme Court has stated that a joint venture is "'something like a partnership, for a more limited period of time, and a more limited purpose.'" "Joint ventures are governed by the same rules of law as those governing partnerships."

*Wyatt v. Byrd*, 2010 WL 3063153 (Tenn. Ct. App. Aug. 03, 2010)(internal citations omitted).

In this case, there was no evidence that Rodriguez and Hall placed their money, assets, labor, or skill in commerce with the understanding that the profits would be shared between them. The evidence was that Rodriguez worked for Hall and did Hall's bidding. Rodriguez testified that every act he undertook with regard to plaintiffs' construction project was done because Hall directed him to do that, as his boss. The Trial Court properly dismissed these claims as well.

In sum, plaintiffs have failed to show that, when taking the strongest legitimate view of the evidence in their favor, including all reasonable inferences, and disregarding any evidence to the contrary, there was any material evidence in the record which would support the verdict for the plaintiffs under any of the theories which plaintiffs had advanced. We affirm the Trial Court's directed verdict in favor of Rodriguez.

The Judgment of the Trial Court is affirmed, and the cost of the appeal is assessed to Robert and Joyce Shrout.

_____
HERSCHEL PICKENS FRANKS, P.J.