LOUIS A. McREDMOND,                )
PATRICK J. McREDMOND, JR., and     )
MONICA McREDMOND TERRY,            )
on behalf of ELK BRAND            )
MANUFACTURING COMPANY,            )
                                   )
    Plaintiffs/Appellants,        )
                                   )    Davidson Chancery
                                   )    No.  93-2368-I
VS.                                )
                                   )    Appeal No.
                                   )    01-A-01-9412-CH-00594
ANDREW MARIANELLI,                 )
WALTER MARIANELLI,                 )
DAVID MANNING, EDWIN S. PYLE,      )
GORDON FERRAGINA, MILANO           )
CORPORATION, AND ELK BRAND         )
MANUFACTURING COMPANY,            )
                                   )    **REVERSED AND REMANDED**
    Defendants/Appellees.         )


IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR


Kenneth R. Jones
SHERRARD AND ROE
Third National Financial Center
424 Church Street, Suite 2000
Nashville, Tennessee 37219

CYRUS L. BOOKER
315 Deaderick Street, Suite 1280
Nashville, Tennessee 37228-1280

John P. Branham
BRANHAM & DAY
1910 First Union Tower
150 Fourth Avenue, North
Nashville, Tennessee  37219
ATTORNEYS FOR PLAINTIFFS/APPELLANTS

Jon D. Ross
Philip N. Elbert
John A. Coates
NEAL & HARWELL
2000 First Union Tower
150 Fourth Avenue, North
Nashville, Tennessee 37219
ATTORNEYS FOR DEFENDANT/APPELLEE
ELK BRAND MANUFACTURING COMPANY

**FILED**

**December 6, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

**PER CURIAM**

LOUIS A. McREDMOND,                          )
PATRICK J. McREDMOND, JR., and       )
MONICA McREDMOND TERRY,            )
on behalf of ELK BRAND                         )
MANUFACTURING COMPANY,              )
     Plaintiffs/Appellants,                         )
                            )      Davidson Chancery
                            )      No.  93-2368-I
VS.                                                           )
                            )      Appeal No.
                            )      01-A-01-9412-CH-00594
ANDREW MARIANELLI,                         )
WALTER MARIANELLI,                         )
DAVID MANNING, EDWIN S. PYLE,     )
GORDON FERRAGINA, MILANO           )
CORPORATION, AND ELK BRAND        )
MANUFACTURING COMPANY,              )
     Defendants/Appellees.                         )

O P I N I O N

The captioned plaintiffs have appealed from a summary judgment dismissing their suit against the captioned defendants.

The nature of the suit and proceedings are as follows:

The complaint, as amended, alleges that plaintiffs are minority stockholders of Elk Brand Manufacturing Company, hereafter Elk; that the defendants, Marianelli, Manning and Ferragina, are shareholders, officers and directors of Elk; that the defendant Pyle is a director and legal counsel of Elk; and that said defendants wrongfully approved and executed an improvident contract with Milano Corporation whereby Milano and said defendants were unjustly enriched and Elk was wrongfully impoverished, thereby enriching the defendants and depriving plaintiffs of their rightful share in the real profits of Elk.

The complaint further charged that defendants breached their fiduciary duties by self-dealing in granting a profitable contract to a corporation owned by them and in concealing their self dealing from plaintiffs.

The complaint prayed:

1.  For a judgment in favor of Elk for damages.

2.  For cancellation of the contract and injunction against further payments thereunder.

3.  For refund of money paid by Elk under the contract.

4.  For a complete accounting.

5.  Equitable remedies.

6.  Punitive damages to Elk.

7.  Attorneys' Fees.

8.  Discretionary costs.

9.  General relief.

10. A jury trial.

Elk intervened as a defendant and moved to dismiss because:

1.  Independent legal counsel has advised the corporation that the suit is not in the best interest of the corporation.

2.  Plaintiffs are not qualified under applicable Kentucky statutes to represent the stockholders of the corporation.

3.  The plaintiffs waited three years without complaining about the contract.

4.  Ulterior motive of Louis McRedmond to force the defendants to buy his stock.

No answer has been filed by any defendant.

By agreed order, the Trial Court scheduled an evidentiary hearing upon the motion to dismiss. At the conclusion of the hearing, the Trial Judge granted leave to the parties to file proposed findings of fact and conclusions of law, which was done.

The judgment of the Trial Court reads as follows:

> This action is before the Court on the defendant Elk Brand's motion to dismiss the shareholder derivative lawsuit that has been filed by the plaintiffs. Both parties in this action were directed to submit findings of fact and conclusions of law to this Court. Because the Court was forced to consider evidence outside the pleadings, the Court will treat Elk Brand's motion as a motion for summary judgment. Upon consideration of all the evidence presented in this matter, the Court adopts the findings of fact and conclusions of law submitted by Elk Brand. Therefore, the Court GRANTS Elk Brand's motion, and dismisses the plaintiffs' complaint. Costs are taxed to the plaintiffs.
>
> It is so ordered.

The "Findings of Fact and Conclusions of Law Proposed by Defendant, Elk Brand Manufacturing Company" consists of sixty-one pages. It contains the following significant provisions:

> Plaintiffs in this shareholder derivative action challenge Elk Brand's entry into the MSA with Milano. Plaintiffs made demand upon the Board of Directors of Elk Brand on April 15, 1993, that Elk Brand terminate the MSA with Milano and seek recovery of all sums paid to Milano pursuant to the terms of the MSA.
>
> Defendant Elk Brand's motion to dismiss this derivative action arises out of the refusal of plaintiffs' demand by the Board of Directors of Elk Brand. Defendant Elk Brand seeks dismissal of this action on two grounds. First, defendant Elk Brand avers that this Court should uphold the business judgment of Elk Brand's Board of Directors in rejecting the demands of plaintiffs and in determining that this action should be dismissed as not in the best interests of Elk Brand. Second, defendant Elk Brand avers that the derivative plaintiffs fail to meet the requirement of Rule 23.06 of the Tennessee Rules of Civil Procedure and Ky.Rev. State. §271B.7-400 that they fairly and adequately represent the interests of the shareholders and that the action be brought primarily for the benefit of the corporation.
>
> The Court conducted a three-day evidentiary hearing on April 4, 5 and 6, 1994, in connection with defendant Elk Brand's motion to dismiss. The Court has heard and has considered the testimony introduced at the evidentiary hearing. The Court has reviewed the depositions introduced into evidence and the exhibits introduced at the evidentiary hearing. The Court has considered the briefs submitted by the parties and the entire record in this cause and has concluded that defendant Elk Brand's motion to dismiss this shareholder derivative action should be granted.

. . . .

Under the business judgment rule, courts presume that a corporation's directors, when making a business decision, acted on an informed basis, in good faith, and with the honest belief that their decision was in the corporation's best interests. *See Lewis v. Boyd,* 838 S.W.2d at 220, 221; *Spiegel v. Buntrock,* 571 A.2d at 774. The burden is on the party challenging the board's decision to establish facts rebutting the presumption. *See Aronson v. Lewis,* 473 A.2d at 812. The Court concludes that plaintiffs' proof in this regard was woefully inadequate and failed to rebut the presumption accorded by the business judgment rule that the directors acted on an informed basis, in good faith and in the honest belief that rejection of plaintiffs' demands and dismissal of this action was in the best interests of the corporation.

. . . .

. . . Since the plaintiff shareholders' demands in this case were made and were refused by the board, the "focus of the judicial inquiry is whether the board's response was wrongful." As noted above, the tacit admission rule has been adopted in Tennessee in *Lewis v. Boyd*, 838 S.W.2d at 222. It is no longer necessary for the Court to consider questions of director disinterestedness and independence, which are the focus of judicial inquiry in a demand excused case. *See Levine v. Smith,* 591 A.2d at 212.

. . . .

The Elk Brand Board took formal action to oppose a continuation of this action and to seek its dismissal at a meeting of the Elk Brand Board on September 18, 1993, which all seven Directors attended. The resolution in question was approved by the votes of five directors: David Manning, Walter Marianelli, Andrew Marianelli, Edwin S. Pyle, and R. Curtis Brasher. Plaintiff Louis A. McRedmond and his brother, Patrick McRedmond, Sr., abstained. At least three of the members of the Board, then present and voting in favor of the resolution, were independent and disinterested, that is, Andrew Marianelli, Edwin S. Pyle, and R. Curtis Brasher. This vote satisfied the requirements of Kentucky's safe-harbor statute for director approval of conflict-of-interest transactions. *See* Ky., Rev. Stat. § 271B.8-310(3). . . .

. . . .

The evidence before the Court does not demonstrate that the vote of the disinterested directors to terminate this litigation was unreasonable, but rather the Court concludes that their decision was, in fact, in the best interests of the corporation. Moreover, there is no evidence to support a conclusion that the directors' decision was primarily motivated by personal interest. The Court concludes that plaintiffs have wholly failed to rebut the business judgment rule's presumption of good faith

with respect to the decision of the directors to seek termination of this litigation as inimical to Elk Brand's best interests.

. . . .

Based upon the foregoing analysis, the Court concludes that the plaintiffs have failed to rebut the business judgment rule's presumption that the Elk Brand directors acted on an informed basis and in a reasonable manner in voting to reject plaintiffs' demands and to seek dismissal of this derivative litigation. . . .

. . . .

Plaintiffs' brazen attempt to use this derivative action as leverage to force Elk Brand to repurchase their shares and those of the other members of the McRedmond family is a classic abuse of the derivative suit remedy. . . .

. . . .

The plaintiffs' demand letter and the proof introduced at the evidentiary hearing make clear that the primary objective of the derivative plaintiffs is not the enforcement of the corporation's claims, but rather is to further their own individual interests by coercing, with the threat of this expensive litigation, Elk Brand's repurchase of their shares and those of the other members of the McRedmond family.

. . . .

. . . The "equitable" remedy sought by plaintiffs in the fifth prayer for relief in the complaint reveals clearly that this lawsuit was brought for the personal benefit of plaintiffs and not for the benefit of Elk Brand. . . .

. . . .

. . . Plaintiffs' fifth prayer for relief asks this Court to structure an "equitable" remedy that reorganizes the ownership of Elk Brand stock. Milano currently owns 60% or 12,505 shares of the total of 20,841 shares of Elk Brand stock which are now issued and outstanding. Plaintiffs request that this Court divest Milano of all ownership in its shares, even though the shares are pledged to secure a substantial loan from Third National Bank, who is also the primary lender of working capital to Elk Brand. The Court is asked to treat Milano's 1989 purchase of the shares as a redemption by Elk Brand.

The "equitable" remedy sought by plaintiffs would result in an increase in the percentages of ownership of the McRedmond family in Elk Brand from 18.4% to 46% at no cost to the McRedmonds. Plaintiffs' requested "equitable" remedy is plainly designed to confer unfair benefits upon the plaintiffs personally. . . .

. . . .

-6-

. . . Plaintiffs' economic interests are antagonistic to all members of the class they claim to represent whose shares have been voted to approve the MSA and to ratify the previous actions of the Elk Brand Board of Directors. . . .

. . . .

The Court has also considered the plaintiffs' unfamiliarity with this litigation and the degree of control exercised by the attorneys over the litigation. *See Rothenberg v. Security Management Company, Inc.,* 667 F.2d at 961. None of the derivative plaintiffs whose testimony was presented to the Court by deposition had any significant knowledge concerning the factual basis underlying the allegations in the complaint. Each relied upon the advice of his or her attorney and signed the complaint with virtually no knowledge concerning the facts in this case.

. . . .

After plaintiff Louis A. McRedmond had been on the Elk Brand Board of Directors for a year, he attended the 1993 annual meeting of shareholders of Elk Brand on January 16, 1993, and voted his 1,616 shares and the proxies of an additional 1,384 shares owned by McRedmond family members, including proxies for the derivative plaintiffs, Monica McRedmond Terry and Patrick J. McRedmond, Jr., to ratify and approve the acts and conduct of the Board of December 5, 2001 directors through the date of the meeting. Thus, in 1993, Louis A. McRedmond voted a total of 3,000 shares at Elk Brand's 1993 annual shareholders meeting in favor of ratification and approval of the previous acts and conduct of the Elk Brand Board of Directors.

The MSA was approved by the Elk Brand Board of Directors in 1989 without a dissenting vote. For over four years Elk Brand and its shareholders have had both the burdens and the benefits of the MSA. The challenged transaction has resulted in a substantial increase in Elk Brand's sales and record profits in fiscal year 1993. Sales and profits for fiscal year 1994 are ahead of the record levels for 1993.

Even assuming that the MSA transaction was somehow unauthorized in 1989, in the face of all the overwhelming evidence to the contrary, the MSA would still be valid under the Kentucky law of estoppel and ratification by acquiescence. . . .

. . . .

. . . 23. The Court finds that it is disingenuous of the plaintiffs to argue based upon a mechanistic review of the unconsolidated financial statements of Elk Brand and Milano Corporation that the MSA has had the net affect of decreasing profits at the Elk Brand level. Such analysis ignores the dynamics of the business relationship between Elk Brand and

Milano and the benefits realized by cementing the relationship between Elk Brand and its core management group through Milano's stock ownership. When the traditional business of Elk Brand continued to dissipate as the Board had anticipated, Milano Corporation developed new markets. The losses Elk Brand experienced were not caused by payments of commissions to Milano. The Court finds that the losses were caused by production inefficiencies and escalating costs. These production difficulties were addressed and corrected by the managers who had linked their future to the prosperity of Elk Brand through Milano's stock purchase.

. . . .

25. Plaintiffs present a misleading and flawed analysis when they attempt to contract Milano's financial condition to that of Elk Brand based upon a simplistic comparison of financial statements. . . .

. . . .

27. Further, the Court has carefully reviewed the allegations of the complaint, and it does not contain specific or particularized facts alleging that members of the Elk Brand Board were not disinterested and not independent or that they were unwilling or incapable of properly considering such a demand by minority shareholders.

. . . .

50. Having critically reviewed them, the Court finds that Mr. Harrison's findings and recommendations to the Elk Brand Board were made in good faith, are fully supported by the record of his investigation and are totally consistent with the best interests of Elk Brand as articulated in his report. . . .

. . . .

98. The Court, having reviewed the verified complaint and other pleadings, having carefully considered the testimony of the witnesses, both live and by deposition, and having reviewed all of the exhibits that have been introduced, is convinced, and specifically finds as a matter of fact, that the continuation of this litigation would not be in the best interests of Elk Brand. Mr. Brasher, among others, testified compellingly about his concerns in this regard. Indeed, based upon all of the proof, it is the finding of this Court that to allow this litigation to proceed would be detrimental to the interests of Elk Brand.

The foregoing excerpts from the record illustrate the confusing picture presented to this Court. What began as a "motion to dismiss" on narrow grounds mushroomed into a judgment upon the merits of plaintiffs' suit without the jury trial requested in the complaint.

While the Trial Court designated its judgment as summary in nature, neither the finding of fact nor the judgment refers to uncontradicted evidence.

A motion to dismiss is akin to a demurer under former practice in that it admits all matters properly pleaded and, therefore is a test of the leading pleading. *Sanders v. Vinson,* 558 S.W.2d 838 (Tenn. 1977).

TRCP Rule 12.02 provides that, where evidence is considered, the motion may be considered as one for summary judgment. If this occurs the rules for summary judgment apply. The pole stars of summary judgments are no genuine issue of material fact and entitlement to judgment as a conclusive matter of law. *Daniels v. White Consol. Indus., Inc.,* Tenn. App. 1985, 692 S.W.2d 422. *Mansfield v. Colonial Freight Systems,* Tenn. App. 1993, 862 S.W.2d 527. It is also fundamental that the movant has the burden of producing or pointing out the uncontradicted evidence which entitles him to judgment as a matter of law. *Byrd v. Hall,* Tenn. 1993, 847 S.W.2d 208. Until the movant satisfies this initial burden, the opponent of the motion has no duty to produce or point out any evidence.

As stated above, the only defensive pleading before the Trial Court was the motion to dismiss of the intervenor-defendant, Elk, which presented only two grounds for dismissal: (1) reasonableness of the action of the board of directors in refusing to authorize this suit, and (2) lack of standing of plaintiffs.

REASONABLENESS OF REFUSAL

If a majority of directors has wrongfully voted to siphon profits of the corporation to another corporation in which they own an interest, thereby depriving a minority of stockholders their share of the profits to which they are entitled, such a majority of directors cannot defeat the suit of the minority by disapproving the suit brought by the minority on

-9-

behalf of the corporation. If this were true, minority stockholders would have no recourse against such machinations of the majority.

The first ground of the motion to dismiss is without merit.

<u>STANDING OF PLAINTIFFS</u>

Neither the Kentucky statute nor the Tennessee rule requires a minority group of stockholders to have interests identical with those of the majority whose actions are challenged. The applicable portion of the Kentucky Statute states:

> The derivative proceeding shall not be maintained if it appears
> that the person commencing the proceeding does not fairly
> represent the interests of the shareholders in enforcing the right
> of the corporation.

It is clear that all shareholders of Elk will share in the benefits of a successful prosecution of this suit. Some of them may suffer personal loss, or loss of dividends from their separately owned corporation, but this does not prevent plaintiffs' suit which is for the benefit of all stockholders of Elk.

TRCP Rule 23.6 reads in pertinent part as follows:

> The derivative action shall not be maintained if it appears that
> the plaintiff does not fairly and adequately represent the
> shareholders or members <u>similarly situated</u> in enforcing the
> right of the corporation or association.

It is clear that the plaintiffs fairly and adequately represent the stockholders similarly situated without prejudicing the remainder of the stockholders who appear to have recouped their lost dividends from Elk by the profits derived by their other corporation.

All other subjects of the sixty-one page "Finding of Fact and Conclusions of Law" are superfluous to the matter at hand, the disposition of the motion to dismiss filed by Elk.

The judgment of the Trial Court is reversed.  Costs of this appeal are taxed against the defendants.  The cause is remanded for further proceedings.

-11-

**Reversed and Remanded.**

**PER CURIAM**